**In re Robert Lee JAMES and wife, Mary Gail O. James, Debtors.**

**Bankruptcy No. ST–B–79–117.**

United States Bankruptcy Court, W. D. North Carolina.

April 16, 1980.

Robert H. Gourley, Statesville, N. C., Trustee in Bankruptcy for debtors.

Charlotte S. Bennett, Wilkesboro, N. C., for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARVIN R. WOOTEN, Bankruptcy Judge.

This cause came on for hearing before the undersigned United States Bankruptcy Judge upon the Debtors' Motion to Stay a creditor's enforcement of debt, and the same was heard before the undersigned on April 9, 1980, after due notice to the parties involved. After hearing the evidence and arguments of counsel, and having reviewed the record, the Court FINDS AND CONCLUDES as follows:

1. On December 12, 1979, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code;

2. In their petition the Debtors listed Clint Triplette as a general unsecured creditor in the amount of $16,800.00, said debt being based on a confession of judgment against both the Debtors;

3. On January 10, 1979, the said Clint Triplette instituted a civil action against Robert L. James, one of the Debtors herein, for the collection of an alleged debt in the amount of $25,-800.00;

4. On January 23, 1979, the said Clint Triplette took out seven criminal summonses for worthless checks allegedly written by Robert L. James in October and November, 1978, with the total amount of the alleged worthless checks being $25,800.00;

5. On April 26, 1979, Robert L. James and wife, Mary Gail O. James, the Debtors herein, signed a Confession of Judgment that they were liable to Clint Triplette in the amount of $16,-800.00;

6. Said Confession of Judgment was filed in the office of the Clerk of Superior Court, Wilkes County, North Carolina, on April 28, 1979;

7. As part of the consideration for the Debtors' agreeing to sign said Confession of Judgment, Clint Triplette agreed to voluntarily dismiss the criminal warrants for worthless checks outstanding against Robert L. James, a Debtor herein;

8. Said warrants were so voluntarily dismissed on April 26, 1979;

9. Beginning on May 9, 1979, and continuing until the filing of their petition in bankruptcy in December, 1979, the Debtors, in accordance with the terms of the said Confession of Judgment, made monthly payments to Clint Triplette, through the Court, of $200.00.

10. The Debtors' petition in bankruptcy was filed on December 12, 1979;

11. On February 5, 1980, Clint Triplette, who was listed as a creditor on the Debtors' petition, caused criminal process to reissue against Robert L. James, a Debtor herein. Said criminal process was based upon the same alleged worthless checks which were the basis of Triplette's civil action against the Debtor in January, 1979,

**4**

which resulted in a Confession of Judgment, and which were the basis for the previous criminal warrants against the Debtor that were voluntarily dismissed by Triplette on April 26, 1979;

12. Clint Triplette admitted at trial, through his attorney, that the warrants would not have been reissued except upon his request, which was made some six (6) weeks after the filing of the Debtors' petition in bankruptcy, and some 10 days after Triplette should have received notice of the meeting of creditors in this matter, said notice having been mailed on January 22, 1980;

13. The causing of the reissuance of criminal process against the Debtor by said Clint Triplette is clearly the commencement of a criminal action instituted solely to collect a civil debt which is listed on the Debtors' petition in bankruptcy;

14. If the debt owing to Clint Triplette by the Debtors is found to be discharged, then it is clear that Triplette would be stayed from instituting any criminal action instituted solely to collect the debt discharged in bankruptcy, *In re Penny,* 414 F.Supp. 1113 (W.D.N.C.1976);

15. The creditor, Clint Triplette, should not be allowed to proceed with prosecution of the criminal action for worthless checks against the Debtor unless and until the debt owed him by the Debtors is finally determined to be non-dischargeable, as allowing him to proceed would wholly frustrate the jurisdiction and judgments of the Bankruptcy Court.