### In re Ralph BUTTON, Debtor.

### Bankruptcy No. 80–20557.

United States Bankruptcy Court,
W. D. New York.

Feb. 11, 1981.

John A. Ward, Ithaca, N. Y., for debtor.

Steward O. Miller, Dist. Atty., Seneca Falls, N. Y., for County of Seneca, N. Y.

Richard C. Wesley, Geneseo, N. Y., for Sheridan Oil Co.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A Motion was made on December 8, 1980 by the debtor seeking an Order enjoining the Interlaken Village Justice, the Seneca County District Attorney and any other village or county personnel from enforcing an Order of Restitution which had been entered in the Village Court on June 15, 1979.

At that time, the debtor had pleaded guilty to petty larceny in violation ·of § 155.25 of the New York Penal Law. He was placed on probation for a period of three years and the Order of Probation required him to make restitution to the victim, Sheridan Oil Company, in the amount of $7,597.26 with interest by making weekly payments of $25. This type of sentence is provided for by § 65.10, subd. 2(g) of the Penal Law of the State of New York.

Before filing his petition in bankruptcy on May 7, 1980, the debtor had made payments to Sheridan Oil Company in the amount of $425. In his bankruptcy schedule, he listed Sheridan Oil Company as a creditor with an unpaid balance of $7,172.26 and in addition listed the Seneca County Probation Department and the Village Justice, Judge Aubrey Smith, as creditors.

Sheridan Oil Company, the creditor and victim, made no application to object to the discharge of the debtor. As a result, a discharge in the normal course of business was issued to the debtor on September 12, 1980. In October, 1980, the debtor was charged with violation of probation since he was no longer making restitution payments and Judge Smith ordered a hearing on the allegation of the probation violation to be held on December 11, 1980.

The debtor argues that restitution is a debt which is not excepted from discharge under 11 U.S.C. § 523(a)(7). The debtor further argues that the action for violation of probation was brought for the benefit of a creditor whose debt has been discharged and that such an action violates the fresh start provisions of the Code.

The district attorney argues that the condition of restitution incorporated into the debtor's sentence of probation forms a part of the criminal judgment of conviction imposed against him and does not create a debtor-creditor relationship between the debtor and Sheridan Oil Company or for that matter between the debtor and the judge who sentenced him, or the probation department that controls him.

Sheridan Oil Company who appeared at the Motion argues that the Code does not allow a person to circumvent the criminal justice process by filing bankruptcy. The Company points out that § 362(b)(1) of the Bankruptcy Law specifically excepts criminal proceedings from the operation of the stay and the company claims that restitution is a valid sentence in a state criminal proceeding and that the condition of probation requiring restitution does not create a debt.

This leaves the Court with the issue is restitution which is made a condition of probation dischargeable in bankruptcy?

Section 362(b)(1) states that the filing of a bankruptcy petition does not operate as a stay against the continuation of a criminal action or proceeding against the debtor. The legislative history which corresponds to this section, found in House Report No. 95–595, state that "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension" and that "criminal actions and proceedings may proceed in spite of bankruptcy." 2 *Collier on Bankruptcy* ¶ 362.05[1] (15 ed. 1979) mentions that § 362(b)(1) "is consistent with the policy of making bankruptcy available as relief to financially pressed debtors and not as a shelter from the consequences of criminal acts." Additionally, *Collier* states that the

§ 362(b)(1) exception "is consistent with the strong federal policy against federal interference with state court criminal prosecutions."

In *People v. Mosesson*, 78 Misc.2d 217, 356 N.Y.S.2d 483 (Sup.Ct. NY Co. 1974), the debtor argued that his bankruptcy discharge removed his legal obligation to make further restitution. The court did not agree and held:

A discharge in bankruptcy has no effect whatsoever upon a condition of restitution of a criminal sentence. A bankruptcy proceeding is civil in nature and is intended to relieve an honest and unfortunate debtor of his debts and to permit him to begin his financial life anew (*Matter of Munford*, [D.C.N.C.] 255 F. 108). A condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor-creditor relationship between the persons making and receiving restitution. As with any other condition of probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter (Penal Law, § 65.10).

It would thus be against our statute and public policy to permit a defendant who has received illegal gains and who is ordered to make restitution as a condition of his sentence to vacate such a condition by a discharge in bankruptcy.

.    .    .    .    .

The purpose of our bankruptcy laws is humane in nature. They set forth the policy of our Government to aid individuals from being totally crushed under a mountain of debt. They are not, however, the last refuge for a thief seeking a loophole to avoid criminal responsibility.

In *People v. Topping Brothers*, 79 Misc.2d 260, 359 N.Y.S.2d 985 (Crim.Ct.N.Y.Co. 1974), the court held that a discharge in bankruptcy had no effect whatsoever on criminal proceedings. The court indicated that criminal sanctions do not "create a financial debt between private individuals, but rather a duty to the People of the State of New York..." The court further stated

that "the purpose of the bankruptcy laws is to assist individuals from being completely overwhelmed by their debts and not to provide them with a means to avoid criminal responsibility for their actions." *People v. Mosesson* was also relied upon.

In addition to saying that the bankruptcy laws should have no effect on criminal law proceedings, the above two New York cases also indicate that an order for restitution does not establish a debtor-creditor relationship.

■ Under the new Bankruptcy Code, § 101(11) says the term "debt" means liability on a claim. "Claim", pursuant to § 101(4) means right to payment. "Creditor", according to § 101(9) generally means an entity that has a claim against the debtor that arose before filing. From these definitions, it does not appear that restitution could be considered a debt nor that a victim could be considered a creditor. With restitution, the victim has no right to payment. It is the criminal court which sets the restitution amount and if it is not paid the victim cannot proceed against the debtor to enforce payment, but instead the probation officer must report the event of nonpayment to the court which in turn determines if a violation of probation has occurred.

■ In view of the foregoing, it seems clear that the debt owed by the debtor to the creditor, Sheridan Oil Company, has been discharged because they did not file an objection to discharge under § 523 of the Bankruptcy Code. However, the criminal sentence of restitution as a condition of probation is an entirely different matter. This is part of the punishment for the crime to which the debtor pleaded guilty. The Court cannot see in any section of the Bankruptcy Code an intention by the Federal Government to relieve debtors of criminal responsibilities. Therefore, since the criminal proceeding was a matter entirely within the jurisdiction of the courts of the State of New York, this Court does not believe that it has jurisdiction to interfere with the sentence of the State Court. As a

 

result, the motion which was made by the debtor is hereby denied and it is so ordered.