**In re Monroe NEWTON, Debtor.**

**Monroe NEWTON, Plaintiff,**

v.

**FRED HALEY POULTRY FARM and Department of Offender Rehabilitation, Defendants.**

Bankruptcy No. 81–01616A.
Adv. No. 81–0892A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 15, 1981.

Small & Stamps, P. C., Atlanta, Ga., for plaintiff.

William E. Andrews, Candler, Cox, Andrews & Hansen, Atlanta, Ga., for Fred Haley Poultry Farm.

Brenda Hill Cole, Asst. Atty. Gen., State of Ga., Atlanta, Ga., for Dept. of Offender Rehabilitation.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the motion of the Department of Offender Rehabilitation for summary judgment, Fred Haley Poultry Farm's motion for summary judgment, and Monroe Newton's cross-motion for summary judgment in the above-styled adversary proceedings.

The facts in the instant case as stipulated to by the parties are as follows:

On or about March 19, 1979, a General Bill of Indictment in Cherokee Superior Court was issued in the case known as *The*

*State v. Monroe Newton*, accusing Mr. Newton of livestock theft and forgery in the first degree during the period November 10, 1976 through January 17, 1979.

On or about June 25, 1979, Mr. Newton entered a plea of guilty to the above-referenced charges. Thereafter, on July 16, 1979, Mr. Newton was sentenced by the order of the Honorable Richard B. Neville, Judge, Blue Ridge Judicial Circuit, Cherokee County Superior Court, to a term of confinement for a period of ten years, to serve one year with the remaining nine years to be served on probation, conditioned upon the debtor making restitution payments of $25,000.00, with payments to be made through the Canton Probation Office for and on behalf of defendant Fred Haley Poultry Farm. Mr. Newton made a cash payment of $15,000.00 and began making payments of $80.00 per month on or before January, 1980, in order to liquidate the remaining $10,000.00 of the restitution payments. The balance owing by Mr. Newton as of the date of the filing of the debtor's petition was approximately $8,720.00.

On April 15, 1981, Monroe Newton filed his petition under Chapter 13 of the United States Bankruptcy Code. On or about May 18, 1981, Fred Haley Poultry Farm submitted a proof of claim in the amount of $8,720.00. On May 19, 1981, Mr. Newton filed the above-styled adversary proceeding seeking injunctive and declaratory relief regarding the dischargeability of the restitution in his Chapter 13 case.

██ The issue in the instant case is whether an order of restitution is a debt within the ambit of 11 U.S.C. § 1328 and if it is a debt, whether it is dischargeable under Chapter 13 of the Bankruptcy Code. There is not a genuine issue of material fact in dispute in the case *sub judice* and, therefore, said case is appropriate for determination by summary judgment.

11 U.S.C. § 1328 reads in relevant part as follows:

"(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—"

The only exceptions to discharge provided in § 1328(a) of the Bankruptcy Code are for long-term debts and for alimony and child support. *In re Josephine Osborne*, 3 CBC 2d 586, 8 B.R. 200 (Bkrtcy.N.D.Ill.1981). Thus, if an order for restitution created a debt, that debt would be dischargeable under Chapter 13 of the Bankruptcy Code in the same way debts which are not dischargeable under Chapter 7 of the Bankruptcy Code are dischargeable under Chapter 13 of the Code. *In the Matter of Velma R. Lambert*, 7 BCD 565, 10 B.R. 223 (Bkrtcy.E.D.N.Y.1981).

The order of restitution in the instant case was issued in 1979. In 1980, Georgia Code Chapter 27–30 titled Restitution was enacted. The elements of this title of the Georgia Code may be used to discern the nature of an order of restitution made under der Georgia Code § 27–2711 enacted in 1956. This can be done since under Georgia Code § 27–2711 "restitution" was an authorized condition of probation and the enactment of Georgia Code Chapter 27–30 "is merely a more detailed enactment regarding restitution." *Cannon v. The State*, 246 Ga. 754, 272 S.E.2d 709 (1980).

Georgia Code § 27–3011 states that

"An order for restitution shall not bar any civil action against the offender, but any payments made by an offender to a victim under an order for restitution may be set off against any judgment awarded to the victim in a civil action based on the same facts for which restitution was ordered."

The fact that a victim has a civil cause of action against an offender which is not barred by an order of restitution might tend to indicate that restitution does not create a debtor-creditor relationship. However, a further examination of the law indicates that this is not the case, at least not in Georgia.

11 U.S.C. § 101(11) defines "debt" to mean "liability on a claim." 11 U.S.C. § 101(4) defines "claim" to mean:

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or"

In the instant case, the victim, who is the subject of an order of restitution, has a cause of action in his own right for enforcement of said order. Georgia Code § 27–3013 provides that "a restitution order shall be enforceable as a civil judgment by execution." This cause of action is for the benefit of the recipient of the restitution. While the Department of Offender Rehabilitation may also enforce an order of restitution in a civil proceeding, the more likely action would be a move seeking to have the probation revoked.

The case of *In re Button*, 8 B.R. 692 (Bkrtcy.W.D.N.Y., Hayes, B.J., 1981) held that an order of restitution is not a debt as the word is used in the new Bankruptcy Code. However, the Court in *Button* based this determination on the fact that under New York law the victim has no right to payment and, in the case of nonpayment, the victim cannot proceed against the debtor to enforce payment. *Button* at 694. This is not the law in Georgia, and thus the rationale of *Button* is not applicable to the case *sub judice*. Therefore, in Georgia, an order of restitution is a debt within the ambit of § 1328 of the Bankruptcy Code.

■ The more significant consideration for the debtor is whether the order for restitution creates a dischargeable debt. 11 U.S.C. § 362(b)(1) and (4) provide that the automatic stay of § 362 of the Bankruptcy Code does not operate as a stay

"(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;"

An order for restitution is part of a criminal action against the debtor. In the instant case, and pursuant to Georgia law, restitution is part of the sentence imposed on the debtor for his violation of the criminal law. Accordingly, the order of restitution would not be stayed by the filing of a petition in bankruptcy. As the legislative history to this section states,

"The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 342–3; S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 51–2, U.S.Code Cong. & Admin.News 1978, p. 5787.

Furthermore, § 362(b)(4) of the Bankruptcy Code indicates that this Court could not stay a proceeding by the Department of Offender Rehabilitation seeking to revoke the plaintiff's probation. A proceeding of this kind would be an attempt by the Department of Offender Rehabilitation, as a governmental unit, to enforce its police powers. Thus, as a practical matter, the debt in the instant case is not dischargeable.

It is possible that another court may find that under the supremacy clause of the United States Constitution, the discharge provisions of 11 U.S.C. § 1328 supersede any order of a state court requiring criminal restitution. However, it is clear to this Court that the Congressional policy that is evidenced in the Bankruptcy Code mandates non-interference with state criminal proceedings. Accordingly, this policy should be read into § 1328 of the Bankruptcy Code, resulting in a determination that an order of criminal restitution is not dischargeable under the Bankruptcy Code as a matter of law.

Therefore, for the above-stated reasons, this Court grants the motions of the Department of Offender Rehabilitation and Fred Haley Poultry Farm for summary judgment and denies the motion of Monroe Newton for summary judgment.

IT IS SO ORDERED.