In re Craig M. KAYAJANIAN, Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

ATLANTIC NATIONAL BANK, Defendant.

Bankruptcy No. 82–01898–BKC–TCB.
Adv. No. 82–1237–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 4, 1983.

Margaret Cangilos, Miami, Fla., for trustee.

Walter Wolf Kaplan, Fort Lauderdale, Fla., for debtor.

Mark D. Greenberg, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance of an alleged preference under 11 U.S.C. § 547(b). (C.P. No. 1). The defendant has answered. (C.P. No. 5). The matter was tried on February 1.

The parties have stipulated that the elements of an avoidable preference are present in this instance except the requirement of § 547(b)(5), which requires proof that the transfer was one:

"... that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

It is stipulated that defendant received more than the defendant would receive in the form of a distribution *from this estate* under a chapter 7 liquidation. It is the defendant's position that it could and would receive payment in full outside the estate on its nondischargeable claim under chapter 7 and, therefore, the trustee cannot carry his burden of proving the fifth element.

■ I agree with the trustee. The test of a preference is whether or not a transfer or payment will have the effect to pay on one claim a larger dividend out of the estate of the debtor than the estate will pay on other claims of the same class. *Collier on Bankruptcy* (15th ed.) ¶ 547.37.

■ The purpose of § 547(b) is to provide a ratable distribution amongst creditors. The fact that a nondischargeable debt may be paid outside the estate after bankruptcy does not create a priority which in effect is inconsistent with and contrary to the scheme of ratable distribution of the estate. The interpretation of the statute urged by the defendant would defeat the purpose of § 547(b). It is rejected.

■ The defendant bank argues that this nondischargeable obligation based on a restitution payment which is part of the debtor's probation agreement with a New Jersey criminal court is not a debt and, therefore, cannot constitute a preference. It relies on *In re Button,* Bkrtcy.W.D.N.Y.1981, 8 B.R. 692, 3 C.B.C.2d 736.

In the stipulated facts, the parties have adopted as true the allegations contained in the bank's complaint seeking a determination of dischargeability of a debt. The debtor executed a promissory note to the bank on April 3, 1981 to comply with the restitution order of the criminal court. By signing the note, the debtor substituted a civil enforcement mechanism for the criminal process. That circumstance makes the decision cited by defendant inapplicable. See *In re Button,* Bkrtcy.W.D.N.Y.1982, 18 B.R. 171, 172, 6 C.B.C.2d 255, 257.

The trustee has established an avoidable preference under § 547(b). *Collier on Bankruptcy* (15th ed.) ¶ 547.01.

As is required by B.R. 921(a), a separate judgment will be entered in favor of the trustee and against the defendant in the sum of $789.72. Costs may be taxed on motion.