**In re Michael JACOBSON and Julie Jacobson, dba Ranch Imports, fna Pet Ranch Imports, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Michael JACOBSON, Defendant.**

**Bankruptcy No. 83–00096.
Adv. No. 83–0323.**

United States Bankruptcy Court, D. Arizona.

Oct. 18, 1983.

James Mueller, Asst. U.S. Atty., Tucson, Ariz., for plaintiff.

Gerard Anderson, Tucson, Ariz., for defendant/debtor.

George Itule, Tucson, Ariz., Trustee.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Chief Judge.

The Debtor, Michael Jacobson, filed a Chapter 13 proceeding in which he seeks the discharge to a fine of $2,500.00, imposed upon him after his plea of guilty to a criminal charge in the United States District Court, Tucson Division. An objection to this discharge was filed by the United States Attorney for the District of Arizona.

There is no question that 11 U.S.C. § 1328(a) provides that debts of a Chapter 13 debtor can be discharged upon the consummation of a plan with the exception of certain long-term debts, alimony and child support. The first question that occurs to this Court is whether or not this fine im-

posed in a criminal proceedings is a debt contemplated by the framers of the Bankruptcy Code. Consideration must be given to 11 U.S.C. § 1328 which provides for a discharge for a debtor in a chapter proceeding after completion of making all payments under the plan. The Court should also consider the effect of the stay under § 362(a) and the exceptions thereto contained in § 362(b)(1) which states, "... commencement or continuation of a criminal action or proceeding against the debtor" is not a stay. Subsection (b)(4) provides, "... commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" is not stayed.

In a case that considered whether or not an order for restitution in a state court criminal proceeding created a dischargeable debt the court held that it did not. *See, In re Newton,* 15 B.R. 708 (Bkrtcy.Ct.N.D. Georgia 1981). In the case before us we do not have a situation of a restitution to a victim offended or damaged by the act of the debtor. In the instant case we have a fine imposed by the United States District Court as a criminal penalty to be discharged. The *Newton* case, *supra,* went on to hold that an order of restitution in a criminal judgment in state court would not be stayed by the filing of the petition in bankruptcy. They turned to the legislative history of this section, which reads as follows:

> "The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 342–3; S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 51–2, U.S.Code Cong. & Admin. News 1978, p. 5787. *See, In re Newton,* 15 B.R. 708 at p. 710.

The bankruptcy court located in the Phoenix Division of the District of Arizona, in *In re Magnifico,* 21 B.R. 800 (Bkrtcy.Ct. D.Az.1982), passed on this question, held that a restitution as ordered under criminal conviction under state law as a condition of probation was not a debt as contemplated by the Bankruptcy Code and therefore was not within the scope of a dischargeable debt.

Based on the foregoing, this Court finds that the Defendant was ordered to pay the fine to the United States in the amount of $2,500.00. This was as much of a penalty to the debtor as the imposition of a two-year probation period which was also ordered by the United States District Court. If, for any reason, the debtor fails to pay the $2,500.00 fine, this Court believes that the United States District Court, District of Arizona, could order his probation revoked.

This Court finds that the fine imposed by the United States District Court in the criminal proceeding CR–80–126–B–RMB is not a debt contemplated by the Chapter 13 proceedings to which a debtor is entitled to a discharge upon completion of his plan.

■ This Court further finds and holds that it has no jurisdiction to interfere with the criminal proceedings for the United States District Court. The sentencing in such matter is solely within the discretion of the United States District Court. *U.S. v. Carson,* 669 F.2d 216 (5th Cir.1982); *Barnette v. Evans,* 673 F.2d 1250 (11th Cir. 1982). The United States District Court has the sole discretion under 18 U.S.C. § 3651 to set conditions of probation.

For such reasons the objection to the discharge of the fine of $2,500.00 imposed by the United States District Court for the District of Arizona, on the debtor, is sustained. The United States Attorney shall have twenty (20) days to file an appropriate form of order.