In re Michael K. KIRK, f/d/b/a Kansas City Storm Football Club, Debtor.

Eric C. RAJALA, Trustee, Plaintiff,

v.

BOWLUS SCHOOL SUPPLY, INC., Defendant.

Bankruptcy No. 83–20384.
Adv. No. 83–0199.

United States Bankruptcy Court, D. Kansas.

March 30, 1984.

---

Stephen G. Bolton, Shawnee Mission, Kan., for debtor.

James S. Willis, Kansas City, Kan., Successor Trustee.

Frederick R. Smith, Pittsburg, Kan., for defendant.

## MEMORANDUM AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for pretrial hearing on November 16, 1983. Plaintiff/trustee, Eric C. Rajala, appeared through the successor trustee, James S. Willis. Mr. Rajala had withdrawn as trustee on November 14, 1983, and Mr. Willis was appointed successor trustee and attorney for the trustee. Defendant, Bowlus School Supply, appeared by its attorney, Frederick R. Smith. The debtor appeared by Stephen G. Bolton.

Mr. Bolton informed the Court that his client takes no position in this adversary proceeding. The other parties agreed this matter could be resolved without an evidentiary hearing upon submission of stipulated facts and exhibits. The parties have each submitted memoranda of law, and the matter is ready for determination.

## FINDINGS OF FACT

Based on the stipulations, pleadings and file herein, the Court finds as follows:

1. That the Court has jurisdiction of the parties and subject matter pursuant to Rule 42 of the United States District Court, District of Kansas; and that venue is proper.

2. That on September 10, 1982, the debtor tendered a $2,000.00 check to the defendant, Bowlus Sporting Goods, in payment for merchandise purchased from the defendant.

3. That the debtor's Bank refused to honor the check because the debtor had insufficient funds in his checking account.

4. That, because of the transaction described above, the Crawford County Attorney charged the debtor on October 21, 1982, with the offense of writing a worthless check.

5. That on December 15, 1982, the debtor entered into a diversionary agreement with the state of Kansas, agreeing to make restitution to the defendant in the sum of $2,000.00 by January 16, 1983.

6. That in April, 1983, the debtor paid $2,000.00 in restitution to the Clerk of the District Court of Crawford County, Kansas.

7. That the Clerk of the Crawford County District Court paid the defendant $2,000.00.

8. That on May 9, 1983, the debtor filed a petition under Chapter 7 of Title 11, United States Code.

## ISSUE OF LAW

WHETHER THE DEBTOR'S $2,000.00 PAYMENT TO THE CRAWFORD COUNTY DISTRICT COURT QUALIFIES AS A PREFERENTIAL TRANSFER UNDER 11 U.S.C. § 547(b).

## CONCLUSIONS OF LAW

There are five elements which must be present for this Court to find the payment a preferential transfer under 11 U.S.C. § 547(b):

1. The transfer must have been "to or for the benefit of a creditor";

2. The payment must have been made "for or on account of an antecedent debt owed by the debtor before such transfer was made";

3. The debtor must have been insolvent when the transfer was made;

4. The transfer must have been made on or within 90 days before the date the debtor filed his bankruptcy petition; and

5. The transfer must have enabled the defendant to receive more than it would have received if the case were under Chapter 7, if the transfer had not been made, and the defendant received payment of the debt to the extent provided under the Bankruptcy Code.

The parties have stipulated that the debtor submitted payment to the Clerk of the County Court within ninety days of filing his bankruptcy petition. Under the presumption of § 547(f), the debtor is considered to have been insolvent on and during the ninety days immediately preceding the date of the petition. The presumption may be rebutted if the creditor shows the debtor's assets were greater than its liabilities, but the defendant, Bowlus School Supply, did not attempt to rebut the presumption. Therefore, the Court finds that the debtor was insolvent when the transfer was made. The third and fourth elements of the § 547 test have, therefore, been met. The remaining issues before the Court are whether the transfer of funds satisfied the first, second and fifth elements of § 547.

The debtor's $2,000.00 payment to the Crawford County District Court qualifies as a "transfer" as that term is broadly defined in § 101(40). This Court further finds that Bowlus School Supply was a creditor of the debtor, and that, since the defendant received $2,000.00 from the county clerk, the debtor's payment was to or for its benefit.

Under the terms of his diversion agreement with the state of Kansas, debtor, Michael Kirk, paid $2,000.00 in restitution costs to the clerk of the Crawford County District Court. The clerk transferred those funds to defendant, Bowlus School Supply, in compensation for the worthless check Bowlus had received from the debtor in September, 1982. The defendant therefore, received the funds through an indirect transfer from the debtor to a noncreditor (the county court) to the creditor (defendant, Bowlus School Supply). The fact that the alleged preferential payment to defendant was made by a third party rather than by the debtor does not take the transaction outside the scope of section 547. The introduction of a third party, the Crawford County District Court, will not cure the preference. Collier on Bankruptcy 2d § 547.17; *Matter of Lucasa International, Ltd.*, 14 B.R. 980, 982, 8 B.C.D. 444, CCH ¶ 68,432 (Bkrtcy.S.D.N.Y. 1981).

The defendant contends there was no preferential transfer because it was a victim of the debtor, rather than the debtor's creditor. Whether Bowlus School Supply is a creditor is an issue so closely related to the antecedent debt issue that these two questions will be addressed together.

Defendant relies upon *In re Button*, 8 B.R. 692, 7 B.C.D. 307, 3 C.B.C.2d 736 (Bkrtcy.W.D.N.Y.1981) and *In re Magnifico*, 21 B.R. 800, 7 C.B.C.2d 257 (Bkrtcy. Ariz.1982), in arguing that it is not a creditor. Those cases are, however, so factually distinguishable from the instant case as to render their holdings inapplicable. Debtor, Button, pled guilty to petty larceny and was ordered to make restitution to his victim. Debtor, Magnifico, pled guilty to aggravated assault and agreed to make restitution to his victims.

In both cases, the condition of restitution was part of a judgment of conviction. In both cases, the courts faced the issue of whether the restitution payments were dis-

chargeable rather than whether there was a preferential transfer.

The restitution debtor, Kirk, agreed to pay was not part of a conviction judgment. He did not plead guilty of any crime; he was neither convicted nor sentenced by the county court. Instead, he entered an agreement so that his prosecution would be diverted. He completed the terms of his diversion agreement, and the state of Kansas dismissed, with prejudice, its charges against him.

The facts of *Button* and *Magnifico* also differ from the instant case because of how the relationships arose. Debtor in *Button* pled guilty to petty larceny against Sheridan Oil Company. Mr. Magnifico intentionally drove his van into the bar his victims were visiting. The debtors committed criminal acts against their victims; there were no pre-existing debtor/creditor relationships between the parties.

By contrast, Michael Kirk and Bowlus School Supply had established a commercial relationship on September 10, 1982, when the debtor tendered a $2,000.00 check to the defendant in payment for purchased merchandise. Because a check is conditional payment, the defendant had a "claim" or right to payment when the check was presented to it. The defendant immediately became the debtor's creditor. Had debtor's check cleared the bank, defendant's right to payment would have been extinguished. Instead, however, debtor's bank dishonored his check, and an antecedent debt was created. The defendant was not only the victim of debtor's criminal act of writing a worthless check, it was also his creditor.

■ Restitution is a civil remedy under Kansas law. Kan.Stat.Anno. § 21–4603(5) (1981); *In re Barnett*, 15 B.R. 504, 6 C.B.C.2d 176 (Bkrtcy.Kan.1981). When the debtor paid $2,000.00 to the clerk of the county court, he substituted a civil enforcement mechanism for the criminal process. *In re Kayajanian*, 27 B.R. 711 (Bkrtcy.S. D.Fla.1983). The Court finds, therefore, that the transfer satisfied the elements of § 547(b)(1) and (2).

The last element of § 547(b) requires a comparison between what the creditor actually received and what creditors of the same class would receive in a Chapter 7 liquidation. Specifically, the test is whether Bowlus School Supply received more from the debtor's transfer of funds to the county court clerk than it would have received through distribution from the bankruptcy estate. *Kayajanian,* supra, at 712.

The trustee argues that the defendant would not receive anything from the trustee's distribution because it did not file a proof of claim. The fact that no proof of claim was filed is irrelevant. Defendant's claim against the debtor was satisfied when the defendant received $2,000.00 from the Crawford County District Court. Because the debtor owed it no money when he filed his petition, Bowlus School Supply had no reason to make a claim against his bankruptcy estate.

The trustee reports that his possible recovery of $2,000.00 in this adversary complaint is the only asset of the debtor's estate. Administrative expenses would be paid before claims. Montgomery Wards has filed a proof of claim for $336.56, and Wards is the only creditor to have filed a claim. The defendant, who received $2,000.00 from the transfer under scrutiny, would obviously receive less than $2,000.00 when the trustee used the $2,000.00 to pay administrative expenses before apportioning the remainder between Wards and the defendant. Therefore, the last element of § 547(b) has been met.

■ The facts of this case satisfy the requisite elements of § 547(b). The Court finds, therefore, that the debtor's $2,000.00 payment to the Crawford County Court was a preferential transfer. Collier on Bankruptcy (15th ed.) § 547.01.

As is required by Bankruptcy Rule 9021, a separate judgment will be entered in favor of the trustee and against the defendant in the sum of $2,000.00.

In view of the unusual circumstances in which this case arose, the Court is exercis-

ing its equitable powers authorized by 11 U.S.C. § 105 and allowing the defendant, Bowlus School Supply thirty (30) days from the date of this Order to file a Proof of Claim in this case, and is further extending the time in which it can file a Complaint to Determine Dischargeability of this debt under 11 U.S.C. § 523 for any amount due and owing said defendant after distribution of the estate in compliance with the Code.