**UNITED STATES of America,
Appellant,**

v.

**TROXLER HOSIERY CO.,
INC., Appellee.**

Nos. C–84–322–G, B–82–02002C–11.

United States District Court,
D. North Carolina,
Greensboro Division.

July 27, 1984.

Kenneth W. McAllister, U.S. Atty., Richard L. Robertson, Asst. U.S. Atty., Greensboro, N.C., David P. Grise and John R. Fleder, Office of Consumer Litigation, U.S. Dept. of Justice, Washington, D.C., for appellant.

A.L. Meyland of Block, Meyland & Lloyd, Gerald S. Schafer, trustee, Charles M. Ivey, The Committee of Unsecured Creditors of Ivey & Ivey, Greensboro, N.C., for appellee.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter came before the Court on appeal from the March 5, 1984 Order of the Honorable Rufus W. Reynolds, United States Bankruptcy Judge, denying plaintiff's Motion for Summary Judgment (Record on Appeal, Item 11). The Bankruptcy Court's order denied the United States' request for a declaratory judgment relieving it from the automatic stay of 11 U.S.C. § 362(a). The government seeks to collect a criminal fine and costs imposed on Troxler Hosiery Co., Inc. (Troxler), the debtor appellee, and contends that 11 U.S.C. § 362(b)(1) excepts such collection from the automatic stay. Gerald S. Schafer, Trustee for Troxler, asserts that collection of the criminal fine is not a criminal proceeding excepted by 11 U.S.C. § 362(b)(1). The Trustee further asserts that the fine is a money judgment of a governmental unit which under 11 U.S.C. § 362(b)(5) is not excluded from the automatic stay. The Court, having reviewed the Record on Appeal, considered the parties' briefs and heard arguments of counsel on June 26, 1984, will reverse the Bankruptcy Court's order.

In January 1978, the government commenced forfeiture proceedings against TRIS-treated sleepwear garments possessed by Troxler which it contended were hazardous substances. A district court order quashing the warrant of seizure was appealed to the United States Court of Appeals for the Fourth Circuit. On February 2, 1978, the Honorable Harrison A. Winter, United States Circuit Judge, entered an order prohibiting Troxler from removing the seized garments from the Middle District of North Carolina. This order was continued on March 8, 1978. On remand to the district court for the limited purpose of determining the appropriate disposition of the goods in the event they were subsequently found to be subject to condemnation, the district court concluded that the goods could not be released to Troxler for sale in foreign commerce. The Court Appeals agreed with this particular ruling of the district court. *United States v. Articles of Hazardous Substance, etc. and Troxler Hosiery Co.*, 588 F.2d 39, 44 (4th Cir.1978). In May 1978, while Judge Winter's order was still in effect, Troxler, through the direction of its president, Robert A. Troxler, Sr., arranged for the sale and removal of the seized garments to Miami and Venezuela. The Fourth Circuit later ruled that the seizure of the goods was lawful. *United States v. Articles of Hazardous Substance*, 588 F.2d 39.

Criminal contempt proceedings against Troxler were instituted in the Fourth Circuit in May 1981. Troxler was found guilty of criminal contempt under 18 U.S.C. § 401(3),[1] *United States v. Troxler Hosiery Co.*, 672 F.2d 365 (4th Cir.1982), and fined $80,000 plus costs. *United States v. Troxler Hosiery Co.*, 681 F.2d 934 (4th Cir. 1982). In setting the fine, the court considered Troxler's ability to pay. 681 F.2d

---

1. "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

at 938. Troxler was given twelve (12) months from the date of Judgment, August 5, 1982, to pay the fine and costs totalling $82,733.48. Troxler's motion to reduce the fine, Fed.R.Crim.P. 35, was denied on November 15, 1982.

Troxler filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 3, 1982. On February 3, 1983, the government filed a proof of secured claim in the amount of the fine and costs, none of which had been paid. On October 5, 1983, the government filed an adversary proceeding complaint in bankruptcy seeking a declaratory judgment that the automatic stay did not apply to its attempts to collect the criminal fine. The bankruptcy proceeding was converted to a Chapter 7 liquidation proceeding on March 12, 1984.

■ Following two rounds of briefing and oral arguments, the Bankruptcy Court denied the government's request and ruled as a matter of law that the automatic stay applied to the United States' efforts to collect the contempt fine. The Bankruptcy Court order stated that the government's claim is a money judgment obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police power under section 11 U.S.C. § 362(b)(5) which provides:

> [U]nder subsection (a)(2) of this section, ... the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power [is not stayed.]

The Bankruptcy Court inappropriately relied on this subsection. A criminal contempt case is different from an action by a governmental unit to enforce its police or regulatory powers. The phrase "police or regulatory power" refers to the administration and enforcement of "state laws affecting health, welfare, morals, and safety ...." *Missouri v. U.S. Bankruptcy Court,* 647 F.2d 768, 776 (8th Cir.1981), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982). The pertinent legislative history of the statute describes "police or regulatory power" as governmental action relating to consumer protection, environmental protection, fraud, safety, or similar police or regulatory laws. H.R. Rep. No. 95–595, 95th Cong., 2d Sess. 343, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 6299; S.Rep. No. 95–989, 95th Cong., 2d Sess. 52, *reprinted in* U.S. Code Cong. & Ad. News 5787, 5838. Section 362(b)(5) permits a direct application of a governmental unit's police or regulatory powers against a debtor but prohibits actions aimed at obtaining a pecuniary advantage. *In re Aegean Fare, Inc.,* 35 B.R. 923 (Bankr.D.Mass.1983). Prosecution of a criminal case is not, however, aimed at obtaining a pecuniary advantage. It is designed to punish offenders of the criminal law and serve as a deterrence to others. If Congress intended for police power to include enforcement of criminal laws, 11 U.S.C. § 362(b)(1) would be surplusage. While sections 362(b)(1) and (5), 11 U.S.C., are indeed related since they identify situations when proceedings against an estate are not stayed, they concern different topics. Only section 362(b)(1) is relevant to the issue in this case.[2]

---

**2.** Although the only citation of authority in the Bankruptcy Court Order of March 5, 1984 is 11 U.S.C. § 362(b)(5), it appears that its decision was at best only collaterally based on that statute. During the second round of oral arguments Judge Reynolds heard in this matter, he stated that the section 362(b)(1) criminal exception applied to procedure but not to *collection.* In his view, criminal proceedings can commence or continue so long as the property of the estate is not bothered. From the bench, Judge Reynolds stated that section 362(b)(1) allows the government to continue with their proceedings but that they are limited to procedure and that the stay is still applicable to any property of the estate. To hold otherwise, he felt, would abort the whole bankruptcy procedure. Transcript of Hearing on Motion by Plaintiff for Summary Judgment on Request for Declaratory Judgment at 4 (Record on Appeal, Item 9).

The order prepared for the Bankruptcy Court does not reflect this line of reasoning but cites 11 U.S.C. § 362(b)(5) which was brought to Judge Reynolds' attention after he had voiced his reasoned decision.

■ The Court's task in a case of statutory construction is to interpret the words of the statute in light of the purposes Congress sought to serve. *Norfolk Redevelopment and Housing Authority v. Chesapeake and Potomac Telephone Co.,* — U.S. —, —, 104 S.Ct. 304, 307, 78 L.Ed.2d 29, 34 (1983). The starting point for interpreting a statute is the language of the statute itself. *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766, 772 (1980).

■ Section 362(b)(1), 11 U.S.C., provides that "[t]he filing of a petition [in bankruptcy] ... does not operate as a stay ... under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor." It is undisputed that the contempt proceedings against Troxler were criminal in nature. Sentencing of a criminal defendant, whether it be imprisonment or imposition of a fine, fixes and declares the legal consequences of predetermined guilt. *United States v. Henry,* 709 F.2d 298, 310 (5th Cir.1983). A criminal sentence without accompanying authority to ensure service by the defendant as ordered would be meaningless. Action by the government to enforce the terms of a sentence are plainly a continuation of the entire criminal proceeding. The fact that the government may resort to collection means which are civil in nature[3] does not transform a criminal case into a civil one.

The Trustee's position is that 11 U.S.C. § 362(b)(1) excepts from the automatic stay a criminal prosecution against the debtor and service of a prison term but does not lift the stay for purposes of collecting money from a criminal/debtor (or property of its estate) because of the detrimental effect such collection would have on the bankruptcy administration. The language of the statute does not support the Trustee's position. It makes no distinction between sentences of imprisonment or fines and is broad enough to include enforcement of a

judgment through pecuniary collection means from the debtor or property of the estate. Section 362(a), 11 U.S.C., contains eight subsections, all of which define different proceedings. Noteworthy here are subsections (1) and (2). Subsection (1) stays judicial, administrative, and other proceedings to recover a claim against the debtor. Subsection (2) stays "the enforcement, against the debtor or property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case...." Thus, section 362(a)(2) standing alone stays enforcement procedures of the nature which the government would like to employ against Troxler.

The eight subsections of 11 U.S.C. § 362(b) identify matters which are not affected by *part or all* of the stays variously enunciated in 11 U.S.C. § 362(a). The section 362(b)(1) criminal proceedings exception applies without limitation to any specific subsection of section 362(a). The breadth of section 362(b)(1) is significant when contrasted with the exceptions set forth in sections 362(b)(4) & (5) which do not refer to the all inclusive nature of section 362(a) but which are specifically limited in their application to subsections 362(a)(1) & (2), respectively.

■ When Congress includes particular language in one section but omits it in another section of the same act, it is generally presumed that Congress acted intentionally and purposefully in the inclusion and exclusion. *Russello v. United States,* — U.S. —, —, 104 S.Ct. 296, 300, 78 L.Ed.2d 17, 24 (1983). "The drafting of the exceptions to the *various* stays of section 362(a) is precise and intentional and must be carefully considered in light of the *inclusive* nature of section 362(a)." 2 *Collier on Bankruptcy* § 362.05 at 362–38 (1984) (emphasis added). Unlike the restrictions found in sections 362(b)(4) & (5), Congress did not, in section 362(b)(1), limit the scope of the criminal proceedings exception to the automatic stay. Precise application of section 362(b)(1) excepts criminal proceedings

---

**3.** The payment of a criminal fine "may be enforced by execution against the property of the

defendant in like manner as judgments in civil cases." 18 U.S.C. § 3565.

from all of the various automatic stays, including the otherwise operative stay of judgment enforcement proceedings against the debtor or property of the estate of 11 U.S.C. § 362(a)(2). *See* 2 *Bankruptcy— L.Ed. Summary* § 6:135 at 151 (1981) (if action or proceeding is criminal, it is insulated from all of the automatic stay provisions).

This interpretation of 11 U.S.C. § 362(b)(1) is consistent with its legislative history and the practice under the former Bankruptcy Act. "The bankruptcy laws are not a haven for criminal offenders but are designed to give relief from financial over extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy." H.R.Rep. No. 95–595, 95th Cong. 2d Sess. 343, *reprinted in* 1978 U.S. Code Cong. & Ad. News, 5787, 6299; S.Rep. No. 95–989, 95th Cong. 2d Sess. 51, *reprinted in* 1978 U.S. Cong. & Ad. News, 5787, 5837. Although it is true that a stay under the Bankruptcy Act depended on notions of provability, allowability, and dischargeability (concepts which do not concern the operation of 11 U.S.C. § 362(a)) the underlying principle of 11 U.S.C. § 362(b)(1), that bankruptcy is not a haven for criminals, was also viable under the Bankruptcy Act. *See In re Thomashefsky,* 51 F.2d 1040 (2d Cir.1983) (a contempt fine is not a dischargeable debt, consequently its collection is not stayed); *In re Koronsky,* 170 F. 719 (2d Cir.1909) (enforcement of contempt fine ordered by state court not stayed by bankruptcy); *In re Licht,* 19 F.Supp. 774 (E.D. N.Y.1937) (bankruptcy does not relieve bankrupt of punishment for contempt and perjury).

In spite of the criminal nature of contempt proceedings against Troxler, the Trustee contends that the government is merely a creditor of Troxler in a typical debtor/creditor relationship. This conten-

tion ignores the realities of the criminal law. A criminal sentence, whether it be imprisonment or fine, is not direct compensation for a pecuniary loss but is punishment for violation of the criminal law. A criminal sentence serves interests which are not based on compensation for a debt which is normally dischargeable in bankruptcy. While there is a surprising absence of contemporary controlling or persuasive case authority on the scope of 11 U.S.C. § 362(b)(1),[4] according due deference to the purposes of the criminal law has led some courts to find that a criminal sentence is not a debt contemplated by the Bankruptcy Code, and, therefore, is not subject to the stay or discharge provisions of bankruptcy. *In re Magnifico,* 21 B.R. 800, 803 (Bankr.D.Ariz.1982); *In re Button,* 8 B.R. 692 (Bankr. W.D.N.Y.1981) (restitution is not a debt and victim is not a creditor). Similarly, because a criminal prosecution is designed to promote the public welfare by punishing offenders and deterring others, it has been held that bankruptcy should not interfere with prosecution of a bad check case, even if restitution could be ordered, because an "absurd paradox would result, *i.e.,* one who has engaged in criminal conduct could escape punishment by the mere filing of a bankruptcy petition." *In re Richardello,* 28 B.R. 344 (Bankr.D.Mass.1983) (criminal laws intended to protect commercial transactions and fact that possible sentence was restitution to one who coincidentally was creditor in bankruptcy did not justify stay of criminal action); *In re Newton,* 15 B.R. 708 (Bankr. N.D.Ga.1981) (order of restitution is part of criminal sentence and is not stayed); *cf. In re James,* 10 B.R. 2 (Bankr.W.D.N.C.1980) (where criminal action is merely guise to collect civil debt, criminal action and collection attempts stayed).

---

**4.** The Trustee cites *E.E.O.C. v. Rath Packing Co.,* 37 B.R. 614, 616 (Bankr.S.D.Iowa 1984), and *S.E.C. v. First Financial Group,* 645 F.2d 429, 437 (5th Cir.1981), for the dicta contained in each that there is no exemption from the automatic stay for proceedings to enforce a judgment against property of the estate. Criminal pro-

ceedings were not in issue in either of these cases. The Court rejects the applicability of these cases because without explanation they ignore the contrasting applicabilities of the 11 U.S.C. § 362(b) exceptions to the various stays of 11 U.S.C. § 362(a).

 The Court concludes that enforcement of the sentence declared in the pre-petition criminal contempt judgment against Troxler or the property of its estate in bankruptcy is excepted from the automatic stay by 11 U.S.C. § 362(b)(1). The importance and legitimacy of the interests forwarded by both parties make this conclusion a most difficult one to reach. However, enforcement of a sentence is plainly a continuation of a criminal proceeding and the language and structure of 11 U.S.C. § 362(b)(1) provides for such enforcement in spite of bankruptcy. The Court has considered the potentially detrimental effect which relieving the government from the automatic stay could have on the unsecured creditors. Creditors of equal standing should not be treated unequally and creditors should not be indirectly punished for the criminal wrongs of the bankrupt. Nevertheless, when the government is due payment of a criminal fine, it is not on an equal footing with most of a bankrupt's creditors because a criminal fine is not compensation for pecuniary loss. A sovereign's interest in protecting its citizens through the criminal law is fundamentally different from private financial concerns and for that reason must take precedence. Moreover, it is not altogether accurate to argue that payment of a criminal fine punishes the creditors for the debtor's wrongdoing. In the instant case, Troxler's contemptuous conduct possibly increased its assets, now property of the estate subject to distribution to the creditors.[5]

The Court recognizes that fines, penalties, forfeitures, and exemplary damages which are not compensation for actual pecuniary losses are distributed after general unsecured claims under 11 U.S.C. § 726(a)(4) and, in the case of an individual debtor, are nondischargeable debts under 11 U.S.C. § 523(a)(7). The fact that such claims are distributed after general unsecured creditors may suggest, not unreasonably, that these claims are subordinated because they are nondischargeable.[6] However, the Court cannot rule the nondischargeability of a criminal fine is a basis for postponing the enforcement of a criminal judgment. The secondary yet surviving characteristics of a fine under 11 U.S.C. §§ 523(a)(7) and 726(a)(4) are not expressly directed at criminal fines but apply to any claim which is not based on pecuniary loss. The legislative history of these statutes supports no inference that these sections compliment 11 U.S.C. § 362(a). Moreover, the fact that the government's enforcement of criminal judgments is excepted from the stay is not inconsistent with the nondischargeability of a criminal fine because the government, in spite of the stay exception, may, for one reason or another, not have collected its judgment in full prior to the liquidation. If that is the situation, the fine survives bankruptcy not because it coincidentally is criminal but because it, like the other claims identified in 11 U.S.C. §§ 523(a)(7) & 726(a)(4), is not direct compensation for pecuniary loss. Congress recognized that the interests served by the criminal law are paramount to those furthered in bankruptcy and 11 U.S.C. § 362(b)(1) is designed to accommodate these paramount interests. Manifestly, the statute prevents not only a complete bar of criminal proceedings, but also operates to preclude a substantial hinderance or delay

---

5. The ultimate disposition of the garments Troxler shipped to Venezuela in flagrant disregard of a court order is unclear. They had been valued at $144,716. Troxler officials stated that no profit had been realized, although some of the garments may have been sold. *United States v. Troxler Hosiery Co., Inc.,* 681 F.2d 934, 937 (4th Cir.1982).

6. All claims against Troxler, including the government's claim, are nondischargeable because the bankrupt is a *corporation* as opposed to an individual, not because the fine does not represent a pecuniary loss to the government. 11 U.S.C. § 727(a)(1). Typically, any additional attempts of collection from a corporation are irrelevant because it is defunct.

The contempt proceedings were instituted against the corporate entity. The Court has no way of knowing whether they could have also been instituted against one or more of Troxler's officers but notes that if such was possible, this entire controversy may have been avoided.

in the enforcement of a criminal judgment.[7]

IT IS, THEREFORE, ORDERED that the Bankruptcy Court's Order of March 5, 1984, be, and the same hereby is, REVERSED.

IT IS DECLARED AND ADJUDGED that the automatic stay of 11 U.S.C. § 362 does not apply to collection of the appellant's $82,733.48 criminal judgment claim from the appellee.

IT IS FURTHER ORDERED that the effect of this Order is stayed for ten (10) days from the date of its entry to allow the appellee, if it desires, an opportunity to seek a stay pending appeal to the United States Court of Appeals for the Fourth Circuit pursuant to Rule 8, Fed.R.App. Proc.

7. The combined operation of 11 U.S.C. §§ 523(a)(7) and 726(a)(4) presents a potentially troubling and ironic situation. Since a criminal fine is in fact not direct compensation for actual pecuniary loss, one possible net effect of excepting the government from the automatic stay would be the discharge of all or part of some claims which otherwise might have been paid. Conceivably, an individual cognizant of the nondischargeability of a criminal fine might attempt to use bankruptcy to simultaneously dispose of a criminal fine and other debts (which are dischargeable) at the lowest possible cost. Theoretically, exception of the enforcement of a criminal judgment would facilitate such a scheme. The Court does not pass on the legal effect, if any, of such intent on the part of a debtor because there is no finding or indication that Troxler was so motivated. In fact, the government suggested that Troxler was motivated by an intent to evade criminal punishment rather than to facilitate payment of its judgment. The Court can only pass on the facts of the instant case and under these facts, 11 U.S.C. § 362(b)(1) excepts enforcement of a pre-bankruptcy petition criminal judgment from the automatic stay.