**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Appellant,**

v.

**Lorraine JOHNSON–ALLEN, Appellee.**

**COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Appellant,**

v.

**Ruby STEFFLER, a/k/a Ingrid J. Steffler, Appellee.**

Civ. A. No. 87–1032.

United States District Court, E.D. Pennsylvania.

Nov. 3, 1987.

Mary B. Seiverling, Dept. of Public Welfare, Philadelphia, Pa., for appellant.

David A. Searles, Gary Klein, Community Legal Services, Philadelphia, Pa., for appellees.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The Pennsylvania Department of Welfare appeals from a bankruptcy decision in two cases granting summary judgment in favor of the debtors and holding that a criminal restitution obligation is a claim dischargeable in a Chapter 13 bankruptcy,

11 U.S.C. §§ 1301–1330.[1] *In re Johnson-Allen,* 69 B.R. 461 (Bankr.E.D.Pa.1986). Before addressing the merits of the appeal, however, I will order the Department of Public Welfare to show cause why it has standing to challenge the dischargeability in bankruptcy of the restitution obligations.

While the record in this bankruptcy appeal is far from complete,[2] it appears that debtors pleaded guilty to public welfare fraud, 62 Pa.Stat.Ann. § 481(a), were placed on probation, and were ordered to pay restitution to the County Probation Department on behalf of the victim, the Department of Public Welfare. This order of restitution was presumably made under 18 Pa.Cons.Stat.Ann. § 1106(e) (Supp.1987). Pursuant to this section, however, the victim has no right to payment of the restitution and can not enforce the restitution order.[3] *Id.* at 1106(f) (offender may be held in contempt or for violation of probation for failing to make restitution). *See Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986) (order of restitution does not create a debtor-creditor relationship between the victim and the criminal; therefore, a victim must pursue a separate civil action to compel payment of his losses) *appeal granted,* 511 Pa. 619, 515 A.2d 898 (1986); *In re Pellegrino,* 42 B.R. 129 (D.Conn.1984) (in analyzing the debtor-creditor relationship, each arm of the state, i.e., victim and enforcement agency, must be considered a separate entity). Moreover, in the cases cited by the parties, the challenge to the discharge of the restitution obligation was brought by the state agency that received the payments directly from the offender. *E.g., Kelly v. Robinson,* —— U.S. ——, 107 S.Ct. 353, 93 L.Ed.

2d 216 (1986); *In re Pellegrino, supra; In re Button,* 8 B.R. 692 (W.D.N.Y.1982).

If the restitution was ordered pursuant to section 1106, the Department of Public Welfare has no right to enforce the restitution award. Nevertheless, because the record is far from clear, I will give appellant an opportunity to file a brief in response to this memorandum.[4]

---

**1.** The bankruptcy judge also held that all post petition restitution payments by the debtors were involuntary payments that must be remitted to the trustee. 11 U.S.C. §§ 522(g)(1), 522(h).

**2.** The motions for summary judgment were decided solely on the basis of the unsworn affidavits of the debtors and counsel for the Department of Public Welfare. Central to the dispute are the restitution orders which are not part of the bankruptcy record.

**3.** Under the Bankruptcy Act, a creditor is defined as an entity that has a claim against the

debtor. 11 U.S.C. § 101(9). A "claim" is defined as a "right to payment." 11 U.S.C. § 101(4).

**4.** The parties may also want to address the effect, if any, of the bill passed by the United States Senate which would amend 11 U.S.C. § 523(a) and § 1328(a)(2) to exclude from discharge any debt "that arises from a violation by the debtor of a civil or criminal law enforceable by an action by a governmental unit to recover restitution...." S. 548, 100th Congress, 1st Session (1987).