**In re Ronnie Dwain LOVETT, Debtor.**

**Charles E. COVEY, Trustee, Plaintiff,**

**v.**

**SONNEMAKER, SONNEMAKER & VESPA, P.C., Defendant.**

**Bankruptcy No. 87–82147.**
**Adv. No. 87–8247.**

United States Bankruptcy Court, C.D. Illinois.

March 16, 1988.

**552**

Charles E. Covey, Peoria, Ill., trustee/plaintiff.

Clifford J. Langenfeld, Peoria, Ill., for defendant.

## ORDER

**WILLIAM V. ALTENBERGER,**
Bankruptcy Judge.

Charles E. Covey, Trustee, commenced this adversary proceeding seeking to recover a payment by the debtor to his former spouse's attorneys on the ground that it constituted a preference under Section 547 of the Bankruptcy Code. At the pretrial conference, the parties agreed that the matter would be submitted to the Court for decision upon written briefs. According to the pretrial order, the issues to be decided are (1) whether the Trustee's action to collect the preference is defeated by the fact that the payment was made by the debtor pursuant to a state court order; and (2) whether the Trustee's action is defeated by the fact that the payment made by the debtor to the defendant was on account of a nondischargeable debt.

■ Neither the Trustee nor the defendant directly address the first issue in their briefs. The significance of that issue is lost on the Court. Whether or not a payment is "voluntarily" made is only relevant when the debtor seeks to exempt a preferential payment under Section 522.

■ As to the second issue, one of the purposes of Section 547 is to promote the equal treatment of creditors. *In re First Software Corp.*, 81 B.R. 211 (Bkrtcy.D. Mass.1988). In *In re Kayajanian*, 27 B.R. 711 (Bkrtcy.S.D.Fla.1983), the court rejected the creditor's position that a payment it received prior to the debtor's bankruptcy did not constitute a preference because its debt was nondischargeable, stating:

"The test of a preference is whether or not a transfer or payment will have the effect to pay on one claim a larger dividend out of the estate of the debtor than the estate will pay on other claims of the same class. *Collier on Bankruptcy* (15th ed.) par. 547.37.

The purpose of Section 547(b) is to provide a ratable distribution amongst creditors. The fact that a nondischargeable debt may be paid outside the estate after bankruptcy does not create a priority which in effect is inconsistent with and contrary to the scheme of ratable distribution of the estate. The interpretation of the statute urged by the defendant would defeat the purpose of Section 547(b)."

This Court agrees. A contrary holding would encourage a debtor, on the eve of bankruptcy, to pay those creditors whose debts would not be dischargeable. Particularly in those instances where the debt is nondischargeable as a result of the debt-

or's misconduct, the debtor would be underhandedly achieving a "fresh start" to which he would otherwise be denied.

For the foregoing reasons, IT IS ORDERED that judgment in the amount of $1,000.00 plus costs is entered in favor of the Trustee.