**In re H. COHEN CATERERS, INC., Debtor.**

**Bankruptcy No. 38101752.**

United States Bankruptcy Court, W.D. Kentucky.

Dec. 21, 1981.

John W. Ames, Louisville, Ky., for debtor.

Robert A. Cox, Lexington, Ky., for Dept. of Revenue.

**ORDER**

MERRITT S. DIETZ, Jr., Bankruptcy Judge.

■ On September 3, 1981, we temporarily restrained the Kentucky Department of Revenue from criminally prosecuting Harold Cohen and his company, Cohen Caterers, Inc., for failure to pay over $20,000 in withholding and sales taxes. Cohen Caterers, Inc. has been in Chapter 11 Court since last July.

After notice and a hearing, we dissolved the injunction on October 9, thereby permitting the taxing authority to place before the Franklin County grand jury its felony charge of tax evasion. Cohen has moved for reconsideration of that order.

We are disinclined to disturb the earlier order. Accordingly, the motion to reconsider is hereby OVERRULED, and the earlier order remains in effect. In so ruling, we expressly hold that the contemplated criminal prosecution of Cohen Caterers and its principal officer Harold Cohen comes within the exception of 11 U.S.C. § 362(b)(1), and therefore that the automatic stay does not operate to bar criminal prosecution for the nonpayment of taxes due the Commonwealth of Kentucky.

Counsel for Cohen Caterers frames his legal argument within the body of case law having to do with "bad check" prosecutions. To the extent that those cases represent "quasi-criminal" proceedings—that is, proceedings technically criminal in nature but instituted for the principal purpose of coercing the payment of amounts due to the complainant—they may be readily distinguished.

This case cannot be regarded as a civil tax collection matter pursued through criminal remedies, because the Kentucky Department of Revenue has announced its intention to carry forward the criminal prosecution *regardless* of the payment or nonpayment of taxes due. In fact, the Department has gone so far as to state through its counsel that it *will not* accept any payments from Cohen Caterers for the tax period in question.

While this Court is bound to furnish safe haven to the Chapter 11 debtor against the demands of his creditors, we are not empowered to encumber or prevent an otherwise valid criminal prosecution under state law.

There is no sovereign authority more fundamental than that of levying and collecting taxes and enforcing compliance by state citizens with the appropriate demands of the taxing authority. Collection of state revenues creates the economic base of the state's ability to adequately provide for the health, welfare and safety of its inhabitants. This Court is not prepared to employ Section 362 of the Bankruptcy Code as a cloak of judicial immunity for permitting debtors to avoid criminal prosecution for the nonpayment of state taxes. To do so would violate the most basic principles of federalism as we understand them.

Turning as we must to the Sixth Circuit Court of Appeals for guidance in cases in which state and federal laws come into apparent conflict in the bankruptcy context, we note the recent decision of *Mansfield Tire and Rubber Co. v. State of Ohio,* 660 F.2d 1108 (1981), in which the Court held that the Section 362 automatic stay did not insulate a corporate debtor from the administration of workers' compensation claims by the state of Ohio. The state adjudication of workers' compensation claims was held in that case to be a valid exercise of the police or regulatory power of the state government, and we find the reasoning of *Mansfield Tire and Rubber* controlling in this case.

In order to complete this record in anticipation of appeal, we expressly incorporate herein as findings of fact and conclusions of law the excellent brief on behalf of the Commonwealth of Kentucky Department of Revenue.

This is a final order.