In re Rochester D. WISE, Debtor.

Rochester D. WISE, Plaintiff,

v.

Allen G. RITTER, etc. et al., Defendants.

Bankruptcy No. 82–01406–R.
Adv. No. 82–0320–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 1, 1982.

James R. Sheeran, Richmond, Va., for plaintiff.

Kenneth W. Thorson, Sr. Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

Rochester D. Wise (Wise), the debtor herein, brings this complaint for injunction for the purposes of prohibiting Charles R. Watson (Watson), H. Elizabeth Shaffer (Shaffer), and Allen G. Ritter (Ritter) from proceeding to revoke a suspended sentence imposed upon him. Upon the filing of a motion for summary judgment by Ritter and after hearing and upon the submission of briefs by all parties the Court makes the following determination.

## STATEMENT OF THE FACTS

Wise failed to pay the Commonwealth of Virginia, Department of Taxation, withholding taxes due for his employees for the quarters ending June, September, and December of 1980. As a result, he was indebted to the Commonwealth of Virginia for $2,113.42. On March 5, 1982, upon Wise's failure to pay the funds to the Commonwealth, Allen Ritter, an employee with the Department of Taxation, swore out a criminal warrant against Wise for his failure to pay those taxes pursuant to *Va.Code Ann.* § 58–151.15.

This matter came on for trial on July 14, 1982 before Judge William Shelton of the Chesterfield County General District Court at which time Wise appeared and plead guilty to the charge of willfully failing to pay the withholding taxes. The Court found Wise guilty and sentenced him to serve sixty days in jail, however, it suspended that sentence upon the conditions that Wise keep the peace and be of good behavior and pay the Department of Taxation $250.00 per month towards retiring the debt, the first payment due on August 10, 1982. Shaffer, an assistant Commonwealth's Attorney for Chesterfield County, Virginia, represented the Commonwealth at that hearing. Charles R. Watson is the Commonwealth's Attorney for Chesterfield County.

Wise failed to remit the first payment by August 10, 1982, and on or about September 13, 1982, absent further hearing and without the presence of Shaffer or Watson, Judge Shelton, acting on information received from Ritter, revoked Wise's suspended sentence and issued a capias for his arrest. Wise has appealed. Wise paid the initial $250.00 installment late and has failed to submit further payments.

Wise filed a petition pursuant to Chapter 13 of the Bankruptcy Code with this Court on August 31, 1982. He submitted to this Court on September 21, 1982, a Chapter 13 plan in which he proposes to pay in full his debt to the Commonwealth. The unconfirmed plan proposes a payment to the estate's unsecured creditors of 45% of their unsecured claims.

## CONCLUSIONS OF LAW

Wise now brings this complaint to obtain an injunction against Watson, Shaffer, and Ritter to prohibit and enjoin them from proceeding to have Wise's suspended sentence revoked.

Although the automatic stay provided for in 11 U.S.C. § 362 does not stay criminal prosecutions against debtors, in certain circumstances bankruptcy courts have power pursuant to 11 U.S.C. § 105(a) to enjoin litigants involved in such proceedings.[1] *In re Allen I.W. Frank Corporation,*

---

1. Wise contends the Court order which conditioned the suspension of his sentence on payment of $250.00 per month to the Department of Taxation lost its validity upon the filing of a

19 B.R. 41, 42 (Bkrtcy.E.D.Pa.1982); *In re Caldwell,* 5 B.R. 740, 741 (Bkrtcy.W.D.Va. 1980). *See also, In re H. Cohen Caterers, Inc.,* 26 B.R. 1, 9 B.C.D. 785, 786 (Bkrtcy.W.D.Ky.1981). Bankruptcy courts are expressly forbidden from enjoining other courts and federal courts generally may not grant injunctions to stay state court proceedings except as expressly authorized by Acts of Congress or when necessary in aid of a court's jurisdiction or to protect or effectuate a court's judgments. *See,* 28 U.S.C. §§ 1481, 2283. Bankruptcy courts may issue any other stays of actions, however, which are necessary or appropriate to carry out the provisions of the Bankruptcy Code.[2] 11 U.S.C. § 105(a). *See, In re Reid,* 9 B.R. 830, 832 (Bkrtcy.M.D.Ala.1981). No provision bars bankruptcy courts from enjoining litigants involved in proceedings in other courts. *See,* 2 *Collier on Bankruptcy,* ¶ 105.02 (15th ed. 1982).

■ In determining whether to use its injunctive powers to stay the actions of litigants involved in a state criminal proceeding, the bankruptcy court should examine the purpose behind that criminal action. *In re Reid* at 832. If the prosecution is a guise for a collection effort with the purpose of collecting a discharged or a dischargeable debt then a stay is appropriate. *In re Wagner,* 18 B.R. 339, 340 (Bkrtcy.W. D.Mo.1982).

"The important inquiry is therefore a determination of what circumstances warrant an injunction under § 105 restraining a criminal prosecution against a Debtor. The nature of the moving force behind the institution of the criminal proceeding is the determinative factor. Prosecutions instituted primarily to vindicate the public welfare by punishing criminal conduct of the Debtor and to discourage similar conduct of others are not usually interfered with by Bankruptcy Courts. When it is clear that the principle motivation is neither punishment nor a sense of public duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of the civil obligation, the Bankruptcy Court may properly enjoin the criminal proceeding."

*In re Taylor,* 16 B.R. 323, 325–326 (Bkrtcy. Md.1981). This test enunciated by the Maryland court in *Taylor* accurately reflects the test used by the majority of other bankruptcy courts. *See e.g., In re Magnifico,* 21 B.R. 800, 9 B.C.D. 670 (Bkrtcy.Ariz. 1982); *In re Bray,* 12 B.R. 359 (Bkrtcy.M.D. Ala.1981); *In re Allen I.W. Frank Corp., supra; In re Wagner, supra.*

■ Most of the cases in which injunctions have been granted involved the utterance of bad checks by debtors. In these cases the courts determined that the real motive behind the prosecution was the collection of prepetition debts and not the vindication of the public welfare. *See, In re Allen I.W. Frank Corporation* at 42; *In re Bray* at 362. Where restitution is the aim of the proceeding, the intent of Congress in enacting the federal bankruptcy laws is undermined by the coercion of payments through the use of criminal process and an injunction is necessary to protect the integrity of the bankruptcy court.

■ In the instant case this Court is unable to conclude that the Commonwealth is using a criminal proceeding to compel payment of a debt. The Commonwealth began its proceedings against Wise pursuant to *Va.Code Ann.* § 58–151.15 six months before Wise filed his Chapter 13 petition with this Court. The proceeding was initiated with the purpose of compelling Wise to pay the unpaid withholding taxes. If Wise had enjoyed the protections of the Bankruptcy Code prior to his July, 1982, hearing in the

---

bankruptcy petition. This contention is wholly without merit. "The filing of a petition ... does not operate as a stay ... of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

**2.** 11 U.S.C. § 105(a) provides in pertinent part that "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Chesterfield County General District Court then a stay of that criminal proceeding might have been necessary and proper. Wise was not a "debtor" at the time of that hearing. Wise plead guilty to the charges put forth by the Commonwealth and the Court sentenced him to a sixty-day jail term, suspended upon his payment of $250.00 per month towards his debt beginning August 10, 1982. Wise failed to fulfill the requirements of his suspended sentence and on or about September 13, 1982, Judge Shelton revoked the suspension of his jail term and issued a capias for his arrest. At that time the criminal proceeding was converted from an action pursuant to *Va.Code Ann.* § 58–151.15 to an action for revocation of a suspended sentence for failure of the debtor to comply with terms established by the Chesterfield County General District Court. The prosecution is no longer in the nature of a proceeding to compel payment of a debt, instead it is a proceeding upon a show cause order of a state court. The Commonwealth is no longer seeking restitution through this proceeding. It is seeking to vindicate an order of its courts.

█ This novel issue presents a case for injunction well outside the bounds bankruptcy courts heretofore have stayed criminal prosecutions. Bankruptcy courts should not be used as havens for individuals who seek to escape sentences imposed by other courts. Once a court has determined an individual is guilty and has put that person on terms in lieu of a jail sentence, he should not be permitted to frustrate that prosecution through the filing of a petition in bankruptcy.

Wise contends the Commonwealth's prosecution is on account of the non-payment of taxes. That proceeding was concluded in July. The court convicted Wise and suspended his sentence upon the fulfillment of certain conditions, including the payment of $250.00 per month towards his debt to the Commonwealth. Wise failed to comply with the conditions of his suspension and the court in the exercise of its discretion and pursuant to *Va.Code Ann.* § 19.2–306 revoked that suspension. See, *Griffin v.*

*Cunningham,* 205 Va. 349, 136 S.E.2d 840, 844 (1964); *Slayton v. Commonwealth,* 185 Va. 357, 38 S.E.2d 479, 484 (1946). The revocation of the suspended sentence and subsequent appeal are based upon Wise's failure to comply with the terms set forth by Judge Shelton at the July hearing.

The Commonwealth's interest in prosecuting Wise is no longer solely for the purpose of collecting a debt. If it sought only repayment, it could await compensation through the debtor's Chapter 13 plan. The Commonwealth's interest has broadened, and this Court should not interfere in the prosecution of that case.