**In re Larry Dean JOHNSON, SSN 522–72–2787, Debtor.**

**Bankruptcy No. 83 B 1481 J.**

United States Bankruptcy Court, D. Colorado.

Aug. 26, 1983.

Carol B. Million, Northglenn, Colo., for debtor.

Robert Abelman, Denver, Colo., for creditor Colo., Financial Services.

Darlene Norton-Horan, Denver, Colo., for Adult Supervision Division, 17th Judicial Dist.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came before the Court, on June 24, 1983, on the Objections to Confirmation of the Debtor's Chapter 13 Plan filed by the Adult Supervision Division of the 17th Judicial District (Adams County) and Colorado Financial Services, Inc.

On November 3, 1981, the Debtor was placed on probation for four years by Judge Abraham Bowling of the Adams County District Court. The probation order was the result of the Debtor's plea of guilty to the crime of fraud by check. As one of the conditions of the probation the Debtor was ordered to pay restitution in the amount of $7,735.39 to the Adams County District Court which represented the total amount of 150 bad checks written by the Debtor.

On November 15, 1982, the Debtor pleaded guilty to a charge of criminal attempt to commit fraud by check. He was sentenced to two years and one day at a community corrections facility and was ordered to pay restitution and costs in the amount of $150.00. The Debtor has paid a total of $130.00 towards the restitution orders in both cases.

The Debtor filed his Chapter 13 petition on April 11, 1983. He has listed some 159 unsecured debts totalling $45,961.50. He has listed the Adams County District Court as an unsecured creditor with a claim of $7,585.39. The Chapter 13 plan proposes that unsecured creditors will share *pro rata* the sum of $12,435.00.

The creditors' objections are that the plan has not been proposed in good faith, principally because it purports to discharge the restitution payments ordered by the Adams County District Court.

The broad discharge granted to Chapter 13 debtors who successfully complete a plan is set forth in 11 U.S.C. § 1328(a). That section provides that all debts, except for two narrow categories not involved here, are discharged. Therefore, the only way to find that criminal restitution payments are not dischargeable is to find that they are not a "debt".

Several courts which have faced the issue have taken this approach and have held that restitution ordered as a condition of probation is not a "debt" as contemplated by the dischargeability provisions of the Bankruptcy Code. One of these cases is *In re Button*, 8 B.R. 692 (Bkrtcy.W.D.N.Y. 1981), wherein the court set forth its analysis as follows:

Under the Bankruptcy Code, § 101(11) says the term "debt" means liability on a

claim. "Claim", pursuant to § 101(4) means right to payment. "Creditor", according to § 101(9) generally means an entity that has a claim against the debtor that arose before filing. From these definitions, it does not appear that restitution could be considered a debt nor that a victim could be considered a creditor. With restitution, the victim has no right to payment. It is the criminal court which sets the restitution amount and if it is not paid the victim cannot proceed against the debtor to enforce payment, but instead the probation officer must report the event of non-payment to the court which in turn determines if a violation of probation has occurred.

8 B.R. at 694.

The Court in *Button* found further support for its holding in the automatic stay provisions of § 362(b)(1) which states that the filing of a bankruptcy petition does not operate as a stay against a criminal proceeding against the debtor, and the legislative history relative to that provision. House Report No. 95–595, U.S.Code Cong. & Admin.News 1978, p. 5787, states that "[t]he bankruptcy laws are not a haven for criminal offenders", and that "criminal actions and proceedings may proceed in spite of bankruptcy."

A recent Fifth Circuit decision, *United States v. Carson*, 669 F.2d 216 (5th Cir. 1982), has held that a federal court may require restitution as a condition of probation when the debt which resulted in the conviction has been discharged in bankruptcy. The court based its holding on its interpretation of the major purpose of restitution. It found that the focus of restitution orders is punishment and rehabilitation of the offender rather than recompense to the victim. Thus, the Court found no conflict between the order of restitution and the discharge of the debt in bankruptcy.

The case of *In re Magnifico*, 21 B.R. 800 (Bkrtcy.Az.1982), also distinguishes between restitution which is rehabilitative in nature, and restitution which is intended to provide debt servicing for victims, and holds that the former is not subject to the discharge provisions of the Code.

The Colorado statute which deals with restitution as a condition of probation is § 16–11–204.5. It provides:

(1) As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim, the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations; except that the making of restitution may be waived totally if the court finds that such restitution will work an undue hardship on the defendant or his family. The court shall fix the manner and time of performance.

(2) If the defendant fails to pay the restitution, he shall be returned to the sentencing court which, upon proof of failure to pay, may:

(a) Modify the amount of the restitution;

(b) Extend the period of probation;

(c) Order the defendant committed to jail with work release privileges; or

(d) Revoke probation and impose the sentence otherwise required by law.

The purpose evidenced by the statutory language is rehabilitative. This can be seen by the fact that the restitution need not totally compensate the victim for pecuniary damages. Instead, what the defendant can afford to pay, and the amount of his other obligations are also considered. Further, if the defendant fails to pay, the victim has no right to enforce payments and it is up to the court to modify the probation conditions or revoke the probation as it sees fit.

Thus, it appears that the Colorado legislature did not intend restitution to be a method of debt collection and did not intend to create a debtor-creditor relationship between the victim and the defendant or the state and the defendant.

Therefore, those restitution payments of $7,755.39 ordered by the Adams County Dis-

trict Court cannot be discharged under the Chapter 13 Plan. However, any payments made to the Adams County District Court through the plan shall be credited against the amount of restitution owed. The Debtor will remain liable for the balance due.

 The fact that the Debtor will remain obligated to make restitution payments does not make his plan non-confirmable under 11 U.S.C. § 1325. The Court has given careful consideration to all the requirements, especially good faith and feasibility, and finds that they all are satisfied in this case. Therefore, it is

ORDERED that the objections of Colorado Financial Services, Inc. and Adams County are denied and the Plan shall be confirmed.