**134 BAKER STREET, INC., Appellant,**

v.

**STATE OF GEORGIA, Appellee.**

Civ. A. No. C84–710A.
Bankruptcy No. 84–00338A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 4, 1984.

Lewis N. Jones, Atlanta, Ga., for appellant.

Charles S. Hunter, Atlanta, Ga., for appellee.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This appeal from an Order of the Bankruptcy Court presents a case of first impression. The issue to be decided is whether or not the enforcement of a monetary judgment, or criminal fine, obtained pursuant to a criminal proceeding is exempt from the automatic stay provision of 11 U.S.C. § 362(a). For the reasons which follow, this court concludes that 11 U.S.C. § 362(b)(1) permits the appellee State of Georgia to enforce criminal sentences in the nature of money fines against appellant 134 Baker Street, Inc., notwithstanding the fact that the automatic stay provisions of 11 U.S.C. § 362(a) otherwise prevent the enforcement of monetary judgments against a debtor who has filed a petition for bankruptcy.

## BACKGROUND

Appellee State of Georgia ("State") holds several judgments against appellant 134 Baker Street, Inc. ("Baker Street") which total $65,000. These judgments represent fines stemming from Baker Street's conviction for the misdemeanor of distributing obscene materials. Pursuant to the filing of a petition in bankruptcy, an automatic

stay of legal proceedings against Baker Street was issued under the authority of 11 U.S.C. § 362(a). Shortly thereafter, the State filed a motion seeking to show the stay previously entered to be not applicable to the enforcement of those criminal judgments or, in the alternative, to have that automatic stay lifted as it relates to those judgments.

On March 29, 1984, Bankruptcy Court Judge Hugh Robinson ruled that the previously entered automatic stay would not apply to the enforcement of the criminal fines or, in the alternative, that the automatic stay was lifted as it applies to the criminal judgments. Since that ruling did not constitute a final judgment from which appeal would automatically lie, Baker Street petitioned this court for application for leave to appeal. Pursuant to the Order entered by this court on April 25, 1984, the leave to appeal was granted. The matter is now before this court for determination.

## DISCUSSION

11 U.S.C. § 362(a) provides that the filing of a bankruptcy petition operates, *inter alia,* as a stay of legal proceedings against the debtor (§ 362(a)(1)) and as a stay of actions to enforce any judgment obtained prior to the filing of the bankruptcy petition against the debtor (§ 362(a)(2)). The importance of the automatic stay provision for the effectuation of our nation's bankruptcy law policies is not to be viewed lightly. Section 362(a)

> is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep. No. 989, 95th Cong., 2d Sess. 54–55, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5840–41; H.Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6296–97.

Section 362(a) also plays an important role in maintaining the status quo while the court exercises its authority over the debtor's assets, preventing some creditors from picking apart the debtor's estate to the detriment of other creditors.

The protective stay, however, is not absolute. Countervailing policy concerns are reflected elsewhere in the Bankruptcy Code. Eight specific statutory exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b). The exceptions having relevance to the determination of the issue presently before this court are §§ 362(b)(1), 362(b)(4), and 362(b)(5):

> (b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
>
> (1) under subsection (a) of this section, of the commencement or continuation of a *criminal action or proceeding* against the debtor;
>
> . . . .
>
> (4) under subsection (a)(1) of this section, of the commencement or continuation of an *action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;*
>
> (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an *action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;*
>
> . . . .

11 U.S.C. § 362(b) (emphasis added). The issue to be decided in this appeal is whether appellee State's enforcement of criminal fines is the enforcement of a monetary judgment which § 362(b)(5) does not exempt from automatic stay, or whether such enforcement efforts are part of the continuation of a criminal action or proceeding within the meaning of § 362(b)(1).

■ The language of the statute seems to support the State's position. The exception contained in § 362(b)(1) is addressed to criminal proceedings while the focus of § 362(b)(5), like that of § 362(b)(4),

is directed to other government enforcement powers (i.e., civil or administrative proceedings to enforce governmental police or regulatory power). To read § 362(b)(5) and its exclusion of monetary judgments from stay exemption as encompassing criminal proceedings and penalties would render § 362(b)(1) a nullity in light of §§ 362(b)(4) and (5). A noted authority on the bankruptcy laws has pointed out that "[t]he drafting of the exemptions to the various stays of section 362(a) is precise and intentional and must be carefully considered in light of the inclusive nature of section 362(a)." 2 *Collier on Bankruptcy* ¶ 362.05[1] (15th ed. 1979). Since a statute must be read to give meaning to all of its parts, this court concludes that § 362(b)(1) is a broad provision allowing the enforcement of criminal laws and *all* penalties incident thereto notwithstanding a § 362(a) stay, while §§ 362(b)(4) and (5) are more limited provisions allowing the enforcement of other regulatory provisions and all *nonmonetary* judgments obtained in such proceedings.

The legislative history accompanying the enactment of these provisions lends support to this interpretation of § 362. The House and Senate reports accompanying the Bankruptcy Reform Act of 1978 explain the exclusion of monetary judgments from the § 362(b)(5) exception to the automatic stay as furthering the traditional bankruptcy law policy of establishing a scheme of priorities in the debtor's assets and preventing some creditors (i.e., the government) from receiving preferential treatment to the detriment of all other creditors. S.Rep. No. 989 at 52, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 5838; H.Rep. No. 595 at 343, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6299. The § 362(b)(1) exception, on the other hand, is

explained as furthering a different and equally important set of policy concerns. Criminal actions and proceedings may continue in spite of the filing of a bankruptcy petition because "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension." S.Rep. No. 989 at 51, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 5837; H.Rep. No. 595 at 342, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 6299.[1] Baker Street's position in the instant case would, in fact, make the bankruptcy laws a haven for criminal offenders, especially when it is realized that a corporation found guilty of the offense of distributing obscene materials can only be sentenced to a monetary penalty.

Several bankruptcy court decisions have addressed issues analogous to the question presented by this case. The opinions rendered by those courts support the conclusion reached by this court that criminal sentences requiring the defendant to make monetary payments are enforceable notwithstanding the filing of a bankruptcy petition.

In *In re Taylor*, 16 B.R. 323 (Bankr.D. Md.1981), the debtor successfully sought to have criminal proceedings against him enjoined under the Bankruptcy Court's power pursuant to 11 U.S.C. § 105, even though the proceedings were criminal proceedings and therefore within the scope of § 362(b)(1). The Court framed the critical inquiry as follows:

> The nature of the moving force behind the institution of the criminal proceeding is the determinative factor. Prosecutions instituted primarily to vindicate the public welfare by punishing criminal conduct of the Debtor and to discourage similar conduct of others are not usually

---

1. The policy of preventing the bankruptcy laws from interfering with the criminal justice system is reflected elsewhere in federal law. For example, 11 U.S.C. § 523(a)(7) provides that fines and penalties payable to and for the benefit of a governmental unit are not discharged in bankruptcy. Thus, criminal fines and penalties are viewed as part of the separate realm of the administration of the criminal laws and not as

part of the debtor's financial over-exertion from which she will get relief by virtue of the bankruptcy laws. Section 362(b)(1), then "is consistent with the strong federal policy against federal interference with state court criminal prosecutions." *Collier, supra,* at ¶ 362.05[1] (citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

interfered with by Bankruptcy Courts. When it is clear that the principal motivation is neither punishment nor a sense of public duty, but rather to obtain payment of a dischargeable debt either by an order of restitution or by compromise of the criminal charge upon payment of the civil obligation, the Bankruptcy Court may properly enjoin the criminal proceeding.

16 B.R. at 325–26 (citations omitted). The *Taylor* court then concluded that the "bad check" charge and the allegation of theft of services against the debtor were instituted to collect a civil claim of former employees of the debtor's ill-fated business venture and that the debtor was entitled to an injunction against such criminal prosecution. The situation in *Taylor*, however, is to be contrasted with that presented by the instant case. Here, debtor's conviction for distributing obscene materials and the penalty of $5,000 for each criminal count most certainly represent an attempt by the State "to vindicate the public welfare by punishing criminal conduct of the Debtor and to discourage similar conduct of other."

In *In re Wise*, 25 B.R. 440 (Bankr.E.D. Va.1982), the debtor unsuccessfully sought to prevent the Commonwealth of Virginia from revoking a suspended sentence because of debtor's failure to repay withholding taxes he had failed to turn over to the Commonwealth, a condition of suspended sentence. Relying on the test set forth in *Taylor*, the Court concluded that the Commonwealth's actions constituted the enforcement of a *bona fide* criminal penalty and therefore should not be enjoined under the Bankruptcy Code:

> Bankruptcy courts should not be used as havens for individuals who seek to escape sentences imposed by other courts. Once a court has determined an individual is guilty and has put that person on

terms in lieu of a jail sentence, he should not be permitted to frustrate that prosecution through the filing of a petition in bankruptcy.

25 B.R. at 443. *Cf. In re Johnson*, 32 B.R. 614 (Bankr.D.Colo.1983) (court-ordered restitution not a debt dischargeable in bankruptcy where purpose of restitution statute is rehabilitative and is not intended to be a method of debt collection); *In re Button*, 8 B.R. 692 (Bankr.W.D.N.Y.1981) (same).[2]

For the foregoing reasons, this court concludes that the State's enforcement of its criminal judgments against Baker Street is consistent with the plain meaning of and legislative intent behind 11 U.S.C. § 362. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

---

**2.** Appellant cites cases holding that the government may not enforce monetary judgments against a debtor after the filing of a bankruptcy petition. *See, e.g., Matter of Penn Terra Limited,* 7 CBC2d 704 (Bankr.W.D.Pa.1982). Such cases do not control the issue raised in this appeal because those cases arose in the context of ad-

ministrative fines, or injunctions in civil actions for which compliance requires the expenditure of money and therefore properly fall within § 362(b)(5). As discussed above, this action is controlled by the criminal proceeding exception of § 362(b)(1).