In re Steve G. **CULLENS**, Debtor.

Steve' G. **CULLENS**, Plaintiff,

v.

**DISTRICT COURT FOR the STATE OF COLORADO, Defendant.**

**Bankruptcy No. 86 B 07073 M. Adv. No. 87 M 0315.**

United States Bankruptcy Court, D. Colorado.

Sept. 8, 1987.

John A. Cimino, Cimino, Gonzales & Jirak, Denver, Colo., for plaintiff.

Neil Tillquist, Office of the Atty. Gen., State of Colo., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CHARLES E. MATHESON, Bankruptcy Judge.

This matter came before the Court on the plaintiff's Complaint for An Injunction pursuant to 11 U.S.C. § 105(a) filed on April 24, 1987. Incorporated within that complaint was a request for a temporary restraining order pursuant to Bankruptcy Rule 7065, together with plaintiff's request for a temporary and permanent injunction pursuant to Section 105(a).

The Court convened a hearing on plaintiff's motion for a temporary restraining order on April 29, 1987. Plaintiff's motion was granted at that hearing upon a determination that the merits of the motion concerned an unsettled area of the law and that the balance of hardships clearly favored the plaintiff. The issues raised by plaintiff's complaint are significant and difficult in light of the recent opinion issued by the United States Supreme Court in *Kelly v. Robinson,* —— U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Given the foregoing, this Court took this matter under advisement in order to arrive at an informed decision respecting plaintiff's motion for a permanent injunction. Since the hearing on the plaintiff's motion for a temporary restraining order, the defendant has filed a Motion for Summary Judgment which addresses the same issues addressed at the prior hearing. That motion indicates that there is no apparent dispute as to any of the material facts in this case. Accordingly, the defendant's motion will also be dealt with in this opinion and order.

### FACTS

In March, 1986, plaintiff herein pled guilty to aggravated motor vehicle theft in a criminal action filed in the District Court in and for the County of Arapahoe, State of Colorado. As a result of his guilty plea, the plaintiff was sentenced by the District Court to one year probation, commencing May 9, 1986, and was ordered to pay restitution in the amount of $1,278.00 for the benefit of Ryder Truck Rental, Inc., which restitution was payable at the rate of $125.00 per month.

In August, 1986, the plaintiff filed a petition under the provisions of Chapter 13 of title 11 of the United States Code. At that time, only $195.00 had been paid on the restitution order. The restitution obligation was listed in the plaintiff's schedules as a general unsecured debt and notice of the filing of the Chapter 13 case was sent to the Arapahoe County District Court and to the office of the Arapahoe County District Attorney.

The plaintiff filed his Chapter 13 plan in which he proposed to pay $100.00 in full satisfaction of all unsecured obligations. The plaintiff's motion to confirm his Chapter 13 plan, and notice of the hearing on the plan, were mailed to the Arapahoe County District Court and to the District Attorney's office, all as required by the Bankruptcy Code and by the Local Rules of this Court. No objection to confirmation of the plan was filed by the above parties and, in due course, an order was entered confirming the plaintiff's plan and the plaintiff has made payments under that plan.

The plaintiff's failure to make the required payments pursuant to the terms of the restitution order led to a probation review hearing being scheduled before the Arapahoe County District Court for April 30, 1987, to consider whether the plaintiff's probation should be modified or revoked.

In response to the scheduled probation review hearing, the plaintiff commenced the within adversary proceeding.

## CONCLUSIONS OF LAW

In *Kelly v. Robinson, supra,* the United States Supreme Court addressed the issue of whether obligations for criminal restitution could be discharged in a bankruptcy case filed under Chapter 7 of title 11 of the United States Code. The Court in its opinion deals at length with the manner in which criminal penalties and fines were treated in bankruptcy cases filed before the effective date of the Bankruptcy Code of 1978. The Supreme Court recognized the historical reluctance of bankruptcy courts to discharge obligations for criminal penalties and fines under the Bankruptcy Act of 1898 ("the Act") even though it appeared that such obligations were subject to discharge pursuant to the provisions of sections 63 and 17 of that Act. In doing so, the Supreme Court acknowledged "a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Kelly v. Robinson,* 107 S.Ct. at 360, *citing, Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).

The *Kelly* Court observed that criminal obligations had historically been excepted from the discharge provisions of the Act by the expedient of a rule of law which held that such obligations were not "debts" for the purposes of bankruptcy proceedings. The Court in *Kelly* could have disposed of the issues in that case on the same premise, but expressly elected not to do so, stating:

> In light of the established state of the law—that bankruptcy courts could not discharge criminal judgments—we have serious doubts whether Congress intended to make criminal penalties "debts" within the meaning of § 101(4). But we need not address that question in this case, because we hold that § 523(a)(7) preserves from discharge any condition a

state criminal court imposes as part of a criminal sentence.

> *Kelly v. Robinson,* 107 S.Ct. at 361.

The holding in *Kelly* recognizes that Congress, in adopting the Code, elected to codify in 11 U.S.C. § 523(a)(7) the historic rule that obligations for criminal fines and penalties, including restitution obligations, would be excepted from an order of discharge in bankruptcy. Section 523(a)(7) provides, in pertinent part:

> (a) a discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt— ...
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....

The *Kelly* Court acknowledged the importance and impact of section 523(a)(7) in the scheme of the Bankruptcy Code when the Court stated:

> On its face, it creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the fines must be both '*to* and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.' *Section 523(a)(7) protects traditional criminal fines; it codifies the judicially created exception to discharge for fines* (emphasis added). *Kelly v. Robinson,* 107 S.Ct. at 362.

As noted, the restitution obligation considered in *Kelly* arose in a Chapter 7 case. In Chapter 7, an order of discharge does not discharge a debtor from any of the various types of obligations which are excepted from discharge under 11 U.S.C. § 523. A discharge under Chapter 13, however, is much broader in effect. If a debtor completes his payments under a confirmed plan and is discharged under section 1328(a), such discharge is effective as to *all* debts provided for by the plan, except for (1) debts of the type specified under section 1322(b)(5) dealing with secured claims extending beyond the date of the plan, and (2)

debts for alimony and child support specified in section 523(a)(5). Noticeably absent from the debts excepted from discharge under section 1328(a) are debts for fines, penalties and forfeitures which, the *Kelly* Court has held are, in Chapter 7, excepted from discharge under section 523(a)(7).

■ Had Congress not enacted 11 U.S.C. § 523(a)(7), this Court could perhaps follow the well established precedent under the Act and find that criminal restitution payments, such as those owed by the plaintiff here, are not "debts" within the meaning of the Code, which would make such obligations not subject to being dealt with under a Chapter 13 plan. Certainly this Court does not lightly intervene and tread upon the sanctions imposed as a result of state criminal proceedings. It is also mindful of the policy enunciated by the Supreme Court in *Younger v. Harris, supra,* respecting the noninterference by federal courts with state criminal prosecutions. However, as the *Kelly* Court recognized, Congress has seen fit to codify in section 523(a)(7) the previously recognized judicial exception to discharge concerning criminal fines and penalties. *See, Kelly v. Robinson,* 107 S.Ct. at 362. Having expressly codified this exception to discharge for cases filed under Chapter 7 of the Code, it pointedly did not except such obligations from the effect of an order of discharge in or pursuant to section 1328(a). The conclusion then is clear. Criminal restitution obligations can be dealt with and discharged under a Chapter 13 plan. Any other conclusion would have the effect of making section 523(a)(7) wholly superfluous and meaningless.

The Court's view of the intention of Congress is bolstered by the provisions of the recently introduced Senate Bill 548, 100th Congress, 1st Session. That Bill would add a new section 523(a)(10) to except from discharge any debt:

> (10) to the extent that such debt arises from a violation by the debtor of a civil or criminal law enforceable by an action by a governmental unit to recover restitution.... Senate Bill 548, 100th Congress, 1st Session.

Such restitution obligations are of the type which arise under various consumer protection acts pursuant to which a governmental unit may be given authority to sue on behalf of a consumer class to recover restitution for that class for damages incurred by reason of violations of such an act. *See, Report to Accompany Senate Bill 548,* 100th Congress, 1st Session. The Bill then provides for a parallel amendment to 11 U.S.C. § 1328(a) so as to except from discharge in a Chapter 13 case debts of the kind specified in the new subsection (10) of section 523(a), but no amendment has been proposed to add section 523(a)(7) to the exceptions specified in section 1328(a). The introduction of Senate Bill 548 indicates that at least the Bill's sponsors recognize that section 523(a)(7) type debts are *not* excepted from discharge under section 1328(a) and will not be in the future, although debts for restitution obligations of the type specified in the proposed section 523(a)(10) will be if Senate Bill 548 becomes law.

■ One must keep in mind the procedural posture of this case. The plaintiff's Chapter 13 plan has been confirmed and the plaintiff, as well as creditors, are bound by the plan pursuant to the provisions of 11 U.S.C. § 1327(a). Had the propriety of incorporating restitution payments within a chapter 13 plan been challenged by the District Attorney's office prior to confirmation, consideration of the requirements of 11 U.S.C. 1325(a)(3) may have adversely impacted confirmation of the plan in this present case. *See, e.g., In re Davidson,* 72 B.R. 384 (Bankr.D.Colo.1987). Thus, the defendant in this case, acting by and through the District Attorney, did have remedies available at the time the plan was presented for confirmation. Further, any default of ·payment under the plan may provide the basis for dismissal of the case, conversion to Chapter 7 pursuant to section 1307 or entry of a hardship discharge pursuant to section 1328(b). In the event of

conversion or application for a hardship discharge, the question of the dischargeability of the plaintiff's restitution obligation can be readdressed.[1] However, in the present context of this case, this Court will not and cannot ignore the provisions of the Bankruptcy Code as presently codified which clearly enable a debtor under a Chapter 13 plan to deal with and discharge obligations to make criminal restitution payments which have been imposed under the Colorado statute.

## ORDER

Based on the foregoing findings of fact and conclusions of law, it is hereby

ORDERED that the defendant's motion for summary judgment is denied; and it is

FURTHER ORDERED that the plaintiff's motion for a temporary and permanent injunction is granted, restraining the defendant herein from revoking the probation order by reason of the nonpayment of the restitution obligation imposed by the probation order; and it is

FURTHER ORDERED that the defendant is permanently enjoined from taking any action to collect upon its restitution claim by seeking to revoke plaintiff's probation or otherwise acting to enforce said claim during such time that plaintiff remains in compliance with his confirmed Chapter 13 plan herein.

---

**1.** For purposes of this opinion, both the parties and the Court have presumed that a restitution obligation created pursuant to C.R.S. § 16–11–204.5 is a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuinary loss" within the meaning of 11 U.S.C. § 523(a)(7). However, that express issue was not addressed to the Court and is not decided herein.