**In re Paul Donald FERRIS, Debtor.**

**Bankruptcy No. 88 B 3599 J.**

United States Bankruptcy Court,
D. Colorado.

Dec. 2, 1988.

---

Edward T. Navarro, Longmont, Colo., for debtor.

Diane Goldstein, Asst. City Atty., for City of Longmont, Colo.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

On March 24, 1988, Debtor filed his voluntary Chapter 13 Petition wherein he listed no secured debt and $19,066.00 in unsecured debt. Of that sum, he listed the City of Longmont as an unsecured creditor for $449.00 as a "Ticket for Custody and Leash Violation".

On June 7, 1988, the Debtor's Chapter 13 Plan was confirmed. Under that Plan, the Debtor was to pay $50.00 per month to the Chapter 13 Trustee for three years. This total of $1,800.00 will be distributed $1,000.00 to Debtor's attorney; $180.00 to the Chapter 13 Trustee; and $620.00 pro rata to the unsecured creditors. There were no objections filed to this Plan.

On August 1, 1988, the City of Longmont filed a motion for Ruling alleging that the Debtor was fined by the City's Municipal Court in two cases for a total amount of $345.00. Thereafter, the Debtor appeared in Municipal Court and stated he was unable to pay his fine. The Municipal Court ordered that in the alternative the Debtor could do community service. However, the Debtor has neither paid the fine nor performed the community service. As a result of the bankruptcy, the Municipal Court stayed the matter pending a ruling from this Court. The City has posed two questions:

1. Does the scheduling of a fine from a municipal court as a debt convert the fine to a debt and stay the [Municipal] Court from collecting the fine?

2. If the Court is stayed from collecting the fine, can the [Municipal] Court require the community service that was authorized prior to the filing of the [bankruptcy] petition?

This Court has held that a criminal restitution obligation is not a "debt" as that term is defined under Title 11, U.S.C. As a result, such obligations are not affected by, and therefore not discharged under a Chapter 13 Plan. *In re Johnson*, 32 B.R. 614 (Bankr.Colo.1983). The issue in that case was raised prior to confirmation of a Chapter 13 Plan.

In 1986, the Supreme Court held that criminal restitution payments were not discharged in bankruptcy pursuant to 11 U.S.C. § 523(a)(7) in a Chapter 7 case. *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The dissent in that case by Justices Marshall and Stevens, in addition to disagreeing with the majority opinion, pointed out in footnote 6, the following:

> The Court's solution only postpones the problem: its holding that restitution obligation is nondischargeable under § 523(a)(7) leaves open the possibility that such obligations will be dischargeable under Chapter 13. See 11 U.S.C. § 1328(a), 3 W.Norton, Bankruptcy Law and Practice § 78.01 (1981); 5 Collier on Bankruptcy ¶ 1328.01[1][c] (15th Ed.1986) (broader discharge intended as incentive for debtors to complete performance under Chapter 13 Plans); but see *In re*

*Newton, supra,* [15 B.R. 708] at 710 [ (Bankr.N.D.Ga.1981) ] (holding restitution order nondischargeable under § 1328). The Court's opinion therefore does not lay to rest the difficulties the courts will have in coordinating the Bankruptcy Code with state criminal statutes. 107 S.Ct. at 366.

On September 8, 1987, Judge Matheson of this Court took up the gauntlet flung down by Justices Marshall and Stevens in the case of *In re Cullens,* 77 B.R. 825 (Bankr.Colo.1987). That case held that criminal restitution obligations can be dealt with and discharged under a Chapter 13 Plan.

Reading the text of the Bankruptcy Code and the interplay between § 523, § 727, and § 1328, one is drawn inexorably to the conclusion in *Cullens, supra.* However, we are cautioned by the Supreme Court in *Kelly, supra,* "... not to be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." 107 S.Ct. at 358. After a thorough review of the four score history of the Bankruptcy Act on this issue, the Supreme Court stated:

> In light of the established state of the law—that bankruptcy could not discharge criminal judgments—we have serious doubts whether Congress intended to make criminal penalties "debts" within the meaning of § 101(4). 107 S.Ct. at 361.

This Court expressed those same doubts three years earlier in the *Johnson* case, *supra.* And, although the Supreme Court stopped short of making those doubts the basis for its opinion, this Court is confident that, when confronted with the issue in a Chapter 13 case, the Supreme Court, in light of *all* of its comments in *Kelly, supra,* will agree with the *Johnson* case, *supra.* Thus, with all due respect to Judge Matheson's decision in *Cullens, supra,* I must disagree with that opinion.

In light of the City of Longmont's questions concerning the applicability of the automatic stay under § 362 to this issue, I hold that the automatic stay is not applicable to the enforcement of criminal fines, restitution, imprisonment, or community service obligation because of the specific exception provided for by 11 U.S.C. § 362(b)(4). It is, therefore,

ORDERED that the filing of a Chapter 13 petition and/or the confirmation of a Chapter 13 Plan does not convert a criminal fine, restitution, imprisonment, or community service obligation into a "debt" that can be dealt with, or discharged in a Chapter 13 case and the criminal court imposing such fines, restitution, imprisonment, or community service obligations is free to enforce its orders unfettered by the Bankruptcy Court.