The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert A. KELLEY, Defendant–Appellant.

No. 93CA0509.

Colorado Court of Appeals, Div. V.

Sept. 8, 1994.

Rehearing Denied Nov. 10, 1994.

Certiorari Denied June 5, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas K. Carberry, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

In this Crim.P. 35(c) proceeding, the issue is whether the automatic stay in bankruptcy pursuant to 11 U.S.C. § 362 (1985), prohibits a parole revocation proceeding predicated upon defendant's failure to pay restitution. Concluding that it does not, the trial court upheld revocation of parole and denied defendant's motion challenging that revocation. We affirm.

Defendant was sentenced to a term of incarceration and ordered to pay restitution as a part of his sentence. He was paroled in June of 1990. The restitution requirement was also one of the conditions of parole.

Defendant made periodic payments of restitution, but in October 1991, he filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Act, 11 U.S.C. § 701, et seq. (1979), listing the restitution obligation as a debt.

In December 1991, defendant's parole officer filed a complaint alleging as a parole violation defendant's failure to make restitution payments. The parole board revoked his parole, extended the original parole period, and ordered additional conditions of parole which included monthly restitution payments.

Defendant later filed a motion under Crim.P. 35(c) attacking the parole revocation and imposition of additional parole time.

Defendant contends that, upon his Chapter 7 bankruptcy filing, the provisions of 11 U.S.C. § 362 (1985) automatically stayed the enforcement of the restitution order and consequently the parole board lacked jurisdiction to act. We disagree.

When a petition in bankruptcy is filed, 11 U.S.C. § 362(a) (1985) provides for a stay of all proceedings against the debtor enumerated in that statute, except for those proceedings identified in 11 U.S.C. § 362(b) (1985). The exceptions relevant to the determination of the issue in this case, set out in § 362(b), provide that a bankruptcy filing does not operate as a stay:

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

. . . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit, to enforce such governmental unit's police or regulatory power. . . .

Defendant acknowledges the exception contained in 11 U.S.C. § 362(b)(1) (1985), which allows the commencement or continuation of a criminal action or proceeding against a debtor, but contends that 11 U.S.C. § 362(b)(5) (1985) of the statute does not allow the § 362(b)(1) exception to operate when a money judgment is involved. We disagree with defendant's reading of the statute.

The exception contained in § 362(b)(1) is addressed to criminal proceedings, while the focus of § 362(b)(5), like that of § 362(b)(4), is directed to other government enforcement

powers such as civil or administrative proceedings to enforce governmental police or regulatory power. We do not read § 362(b)(5) to in any way modify the broad, all-encompassing exception to the automatic stay contained in § 362(b)(1).

Our interpretation is supported by the legislative history of §§ 362(b)(4) and (b)(5):

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

> Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5963, 6299. Hence, the "police" power cited in these subsections does not refer to criminal prosecutions.

Moreover, case law interpreting §§ 362(b)(4) and (b)(5) confirms that they deal with such regulatory and police powers as liquor licensing, *In re William Tell II Inc.*, 38 B.R. 327 (N.D.Ill.1983); zoning and building regulations, *In re Cousins Restaurants, Inc.*, 11 B.R. 521 (Bankr.W.D.N.Y. 1981); environmental laws, *In re Commonwealth Oil Refining Co.*, 805 F.2d 1175 (5th Cir.1986); and violations of the Occupational Safety and Health Act, *Brock v. Morysville Body Works Inc.*, 829 F.2d 383 (3d Cir.1987).

Defendant's reliance upon *In re Flick*, 14 B.R. 912 (Bankr.E.D.Pa.1981) is misplaced. There, the state of Pennsylvania sought enforcement of a money judgment based on violations of its unfair trade practices laws. The bankruptcy court determined that the automatic stay applied, finding that the state was seeking to enforce a money judgment in the nature of a civil penalty obtained in an action to enforce its regulatory power. The bankruptcy court ruled that the provisions of § 362(b)(5) permitted the stay.

In contrast, here, defendant seeks to avoid the effects of a criminal restitution obligation which was not obtained under the State of Colorado police or regulatory power.

Defendant also cites *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) to support his contention that a criminal restitution obligation is a money judgment. However, the issue in *Davenport* was whether, in a Chapter 13 bankruptcy proceeding, a criminal restitution obligation constituted a "debt" within the meaning of the bankruptcy code. The court did not analyze 11 U.S.C. § 362(b)(5).

Moreover, while *Davenport* held that a criminal restitution obligation was dischargeable under the then existing statutory language in Chapter 13 of the bankruptcy code, the result in *Davenport* has been overruled by the enactment of 11 U.S.C. § 1328(a)(3) (1990), which now prohibits discharge of such obligations under Chapter 13.

Additionally, defendant here filed his bankruptcy proceeding under Chapter 7 of the Bankruptcy Act; thus, discharge was governed by 11 U.S.C. § 523(a)(7), not the statutory section relied upon in *Davenport*. *See Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (11 U.S.C. § 523(a)(7) (1985) reserved from discharge, under Chapter 7, any condition a state criminal court imposes as part of a criminal sentence, including restitution obligations imposed as conditions of probation). *See also People v. Milne*, 690 P.2d 829 (Colo.1984) (upholding order imposing restitution as a condition of probation following a discharge in bankruptcy); *United States v. Caddell*, 830 F.2d 36 (5th Cir.1987) (revocation of probation for failure to make restitution payments does not violate automatic stay).

In *134 Baker Street, Inc. v. State of Georgia*, 47 B.R. 379 (N.D.Ga.1984), the court examined §§ 362(b)(1), (b)(4), and (b)(5) to determine the relationship between them in a case concerning the application of the automatic stay to a criminal sentence imposing a fine. The court held that the bar of § 362(b)(5) was not applicable to criminal proceedings excepted under § 362(b)(1). It

noted that criminal actions and proceedings may continue in spite of the filing of a bankruptcy petition because "the bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension."

Hence, we conclude that §§ 362(b)(4) and (b)(5) do not modify § 362(b)(1) because their purposes and focus are directed to police and regulatory powers, not criminal enforcement proceedings.

We see no basis to distinguish parole conditions from probation conditions under these circumstances. Restitution was a requirement in both defendant's sentence and his parole conditions. The strong federal policy of preventing the bankruptcy laws from interfering with state criminal justice systems applies equally to probation and parole conditions. *See Kelly v. Robinson, supra;* 2 L. King, *Collier on Bankruptcy,* ¶ 362.05[1] (15th Ed.1979).

Accordingly, we conclude that the parole board did not improperly exercise jurisdiction in filing its complaint and proceeding to revoke and later modify defendant's parole.

Defendant's remaining contentions are without merit.

The order is affirmed.

NEY and ROTHENBERG, JJ., concur.